**Herbert KLEIN and Richard Klein, Jr., d/b/a Klein Plumbing & Heating, Plaintiffs-Respondents,**

**v.**

**PURITAN FASHIONS, INC., Defendant-Appellant.**

**No. 33155.**

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

**230**

Smith & Colson, by David L. Colson, Farmington, for defendant-appellant.

Charles Weber, Ste. Genevieve, Dearing, Richeson, Weier, Roberts & Wegmann, by J. Richard Roberts, Hillsboro, for plaintiffs-respondents.

CLEMENS, Commissioner.

Plaintiffs sued for and got a $10,146.21 verdict and judgment for the balance claimed due in quantum meruit for plumbing installations at defendant's garment factory. The defendant appeals. We affirm plaintiffs' judgment.

Plaintiffs pleaded that at defendant's request they furnished plumbing materials and labor valued at $41,446.21, but that defendant had paid only $31,300. The defendant answered that the plaintiffs had expressly contracted to do the work for $31,300.

On trial the factual issue was whether plaintiffs had agreed to do the work for its reasonable value or for the definite amount stated in plaintiffs' written proposal. The crucial legal issue is whether the proposal was an unambiguous contract, shielded from explanation by the parol evidence rule. We think not.

Herbert Klein, hereafter called plaintiff, and his brother Richard ran a sizable plumbing business at Ste. Genevieve. Defendant Puritan Fashions, Inc., of Hattiesburg, Mississippi, operated a garment factory at Farmington. Puritan planned to expand its plant, including a new steam boiler room and a battery of forty-five steam pressing machines. Puritan wanted a plumbing contractor to furnish and install the complex connections to and from its new boiler and pressing machines. Defendant's engineer, R. S. Yorty, and its Farmington plant manager, Andrew Paule, invited plaintiff to Farmington to figure on the job but they had neither engineering drawings nor specifications of materials. Instead, Mr. Yorty showed plaintiff a sketch of the floor plan and the proposed location of defendant's boiler and presses. He also gave plaintiff snapshots of similar installations at another plant.

After this much of the evidence was in, plaintiff's counsel asked him whether defendant's engineer had orally agreed to have the new boiler room built by the time plaintiff was ready to start work. Defendant objected, invoking the parol evidence rule to keep out any testimony varying the terms of the parties' written contract. The court overruled the objection; that ruling is the crux of this appeal. Plaintiffs contend the parol evidence rule is inapplicable since the written proposal was not a definite promise to do the work for a fixed sum, but

merely an estimate of probable cost. Here is the printed proposal (typewritten portions italicized), to which we have added numbers indicating four sections:

## PROPOSAL

### KLEIN PLUMBING AND HEATING

Plumbing Heating Wiring
602 Rozier Street TU 3–5514
STE. GENEVIEVE, MISSOURI

---

**PROPOSAL SUBMITTED TO:**
1.  Phone: Date: *6–8–65*

| NAME: *Mr. R. S. Yorty* | JOB NAME: *Reliance Mfg. Co.* |
|---|---|
| STREET: *Reliance Manufacturing Co.* | STREET: *Hattiesburg, Miss.* |
| CITY: *Hattiesburg, Mississippi* | CITY: STATE: *(Mr. Yorty)* |
| STATE: | ARCHITECT: DATE OF PLANS: |

---

2.

We hereby submit specifications and estimates for:

> *We propose as an estimate to set and install boiler furnished by others.*
>
> *Furnish breeching.*
>
> *Set and install Presses as outlined.*
>
> > *Steam mains and valves, condensate traps, valves & line.*
> > *Vacuum lines and necessary valves.*
> > *Air lines and regulators & necessary valves.*
> > *Gas line to boiler & oven with all necessary fittings & valves.*
>
> *All labor and piping to be installed in a neat and workmanlike manner. We have also included insulation of all steam lines and all condensate lines to eight (8) ft. above the floor.*
>
> *All for the sum of* -------------------------------------------------*$31,300.00*

---

3.

We hereby propose to furnish labor and materials—complete in accordance with the above specifications, for the sum of: _____ dollars ($_____) with payment to be made as follows: _____

---

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs, will be

executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire, tornado and other necessary insurance. Our workers are fully covered by Workmen's Compensation Insurance.

Authorized Signature _____/s/ Herbert R. Klein_____

NOTE: This proposal may be withdrawn by us if not accepted within _____ days.

4.

## ACCEPTANCE OF PROPOSAL

The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

ACCEPTED:        Signature _____

Date               Signature _____/s/ R. S. Yorty_____

Defendant relies on Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817[6], to support its point that the parol evidence rule applied. That case, with our emphasis added, declares: "They reduced their engagement to writing. Their *entire agreement* is set out therein. Their *intention is clearly evident* therefrom. That no one may be heard to say that an actual agreement made by the parties is not reflected in their *unambiguous* written contract, the courts, by the application of the parol evidence rule, have uniformly held that, in the absence of fraud, duress, mistake or mental incapacity, an integrated *unambiguous* contract may not be varied, and a new and different contract substituted by parol evidence. [Citing cases.] The agreement of the contracting parties merges in their written instrument and (except in certain instances not appearing here) is not subject to be varied by oral testimony or extrinsic circumstances. * * * The writing itself becomes and is the single and final memorial of the understanding and intention of the parties." The emphasized words limit the rule's application.

Those limitations warrant a converse statement: where the meaning of a written agreement is ambiguous, parol evidence is admissible to explain the writing in order to determine the parties' intent. (Fisher v. Miceli, Mo., 291 S.W.2d 845[5]; Cure v. City of Jefferson, Mo., 396 S.W.2d 727[1].) And a contract is ambiguous when its terms convey more than one meaning, so that reasonable men may fairly differ in interpreting those terms. (Friedman Textile Co. v. Northland Shopping Center, Mo. App., 321 S.W.2d 9[3]; Dimick v. Noonan, Mo.App., 242 S.W.2d 599[1, 2].)

We apply these principles to defendant's contention that the written proposal required plaintiffs to do specified work for a specified price, and hence was immune from extrinsic explanation.

Reverting to the written proposal, we find it was ambiguous—that is, reasonable men could fairly differ in interpreting it in the way defendant contends—in three respects: *First,* the words "estimate" and "estimated" are inconsistent with a promise

to do specific work for an exact sum. The word "estimate" negates certainty; it means "to calculate roughly, or to form an opinion as to amount from imperfect data." (Beeler v. Miller, Mo.App., 254 S.W.2d 986[4–6].) *Second,* the written proposal was based on "imperfect data" about plaintiffs' work. Note these words in section 2: "Furnish breeching. Set and install Presses as outlined." Absent plans and specifications normally used in construction contracts, this description of plaintiffs' work was vague. *Third,* section 3, apparently designed for a definite contract, was left blank. That would cause reasonable men to doubt—if not reject—the contention that the parties intended an exact price. (Huttig v. Brennan, 328 Mo. 471, 41 S.W.2d 1054 [8].)

■ In the trial court the defendant relied on the written proposal to bar plaintiff from describing the parties' prior negotiations. On its face the proposal was ambiguous and failed to fully reflect the parties' intent. The parol evidence rule, therefore, was inapplicable and the court properly admitted parol evidence to show that intent. (Beeler v. Miller, supra.)

Since defendant claims error in plaintiffs' verdict-directing instruction, we relate the verdict-consistent evidence about the parties' intent and plaintiffs' compliance.

Plaintiff usually "contracted" his work, but when he had "something like this" he could only "estimate" it. He told Mr. Yorty and Mr. Paule he would "figure the job" but could not "figure a contract" without an engineer's plan; that he would give them an estimate but would charge on a "time and materials" basis. Later, plaintiff told Mr. Paule the estimated cost would be $31,300, based on plaintiffs' expected costs and overhead. Before starting the work plaintiff sent Mr. Yorty four copies of the written proposal. Plaintiff used this proposal form for both estimates and contracts. When he wrote in the word "estimate", as here, that is what he meant; when he intended a proposal to be a contract, he wrote in the word "contract".

The defendant took no written action on plaintiffs' proposal nor did it return a copy. Mr. Yorty phoned plaintiff telling him to start work, and he did.

As soon as plaintiff assembled the necessary materials and workmen he reported to defendant's plant. Although defendant's engineer had told plaintiff the boiler room would be built and the boiler in place by that time, defendant had not yet done either. Instead of starting to install the connecting pipes at the boiler and moving toward the presses, the way he had planned, plaintiff had to work backward from the presses toward the boiler. And because of other changes the defendant made in its layout, plaintiff had to run the steam lines differently and build a smokestack one floor higher. All this required more labor than plaintiff had planned on.

■ Defendant concedes plaintiffs did the work well and raises no issue about $41,446.21 being the reasonable value. The evidence supported the $10,146.21 verdict.

■ Defendant complains that plaintiffs' verdict director ignored its defense of a contract for a specific amount. Not so. By Instruction No. 4 the plaintiffs submitted their theory of quantum meruit. Instruction No. 6 directed a verdict for the defendant on its hypothesized theory of a specific written contract. This required plaintiffs to negate the affirmative defense (MAI p. xxxiv). They did so by a tail on their verdict director: "Unless you believe plaintiffs are not entitled to recover by reason of Instruction No. 6." No error here.

The judgment for plaintiffs is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

RUDDY, P. J., WOLFE, J., and DOUGLAS W. GREENE, Special Judge, concur.