**Bessie HAPPEL, et al., Plaintiffs-Appellants,**

**and**

**Phelps County Bank, a corporation, Plaintiff,**

**v.**

**Jewel GROGAN et al., Defendants-Respondents.**

**No. 9623.**

Missouri Court of Appeals, Springfield District.

Sept. 19, 1974.

 

Weldon W. Moore, W. H. Thomas, Jr., Moore & Thomas, Rolla, for plaintiffs-appellants.

Dorman L. Steelman, Jerry L. Wilkerson, Steelman & Wilkerson, Salem, for defendants-respondents.

PER CURIAM.

Plaintiff Bessie Happel, now 88 years of age, sought a judgment declaring her to be the beneficial owner of a certificate of deposit purchased with the proceeds of the sale of her farm. Plaintiffs Adams and Golden are Bessie's daughters; they joined her in seeking the same relief. Plaintiff Phelps County Bank sued only as a stakeholder, seeking to ascertain its liability on the certificate which it issued. The certificate was made payable to plaintiffs Adams, Golden and one I. W. (Imel) Happel —Bessie's children. Imel Happel died before this action was commenced, and defendants Dorothy Happel, Jewel Grogan and Marie Happel are his heirs. Bessie and her daughters appeal from a judgment declaring Imel's heirs to be owners of an undivided one-third interest in the certificate.

At some time prior to June 24, 1967, Bessie sold her farm. She realized "about" $12,000 from the sale. The transaction was completed in an attorney's office at Rolla and Bessie received a check in the amount of the sale price. Bessie's children were present. Imel "carried" the check to the Phelps County Bank. The children went in the bank; Bessie stayed outside. Once in the bank, the three children purchased a certificate of deposit which recites on its face that it is Savings Certificate No. ARC 461. The obverse side of the certificate further shows that it was issued by the Phelps County Bank at Rolla, Missouri, on June 24, 1967. The certificate, made in the amount of $11,942.-80, recites that it is "Not Subject to Check". The face of the certificate fur-

ther recites: "This Certifies that I. W. Happel—Gladys Adams—Verba Golden, Rt. No. 2, Salem, Missouri. has [sic] deposited in this bank payable to Such Depositor/s in current funds the sum of Eleven thousand Nine hundred forty two & 80/100 Dollars on return of this Certificate 6 months after date, with interest at 5 per cent per annum, payable semi-annually." The instrument is signed by Henry Pompe, cashier of the Phelps County Bank. The reverse side of the certificate recites that it is automatically renewable, that the bank shall have the right of redemption on any maturity date upon written notice to the payee, and certain other matters not material here. The certificate has not been endorsed.

After the certificate was issued, it was placed in a safety deposit box rented by all three of Bessie's children, and the interest paid was used for Bessie's upkeep. On June 29, 1972, after Imel's death, Bessie sought payment of the certificate; the defendants objected and the bank refused to pay Bessie the proceeds because of the possibility of being exposed to a double liability. This action followed.

■ Appellate counsel have zealously briefed the slender, diffuse and somewhat equivocal record before us; plaintiffs have briefed and argued six points of error and have cited some 22 sources of authority in support of those points. Defendants have taken the matter as presented, citing some 12 or 13 similar authorities. Counsel have likened the case to In re Estate of La-Garce, 487 S.W.2d 493 (Mo.banc 1972); Wantuck v. United Savings and Loan Assoc., 461 S.W.2d 692 (Mo.banc 1971); Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817 (1950); Melton v. Ensley, 421 S.W.2d 44 (Mo.App.1967), and other precedents dealing with statutory joint deposits in banks and savings and loan associations. Doubtless those cases state general principles which are applicable to this case, but the instrument before us is not a statutory joint deposit within

the purview of either § 362.470 or § 369.-150, RSMo 1969, V.A.M.S., nor is it a certificate purchased by one person in his own name and that of another with apparent donative or testamentary intent such as those considered in Jenkins v. Meyer, 380 S.W.2d 315 (Mo.1964), and we need not enter the legal thicket created by the "joint bank account" cases to resolve this relatively simple appeal. The pleadings and the record show without question that Bessie Happel furnished the money with which the certificate was purchased, but there is no evidence whatever which sheds any light on the state of her mind at the time she handed the check to Imel in the attorney's office at Rolla. There is no showing that Bessie was aware of the nature of the transaction when the bank issued the certificate; she did not go in the bank, and there is neither direct or circumstantial evidence tending to prove that she directed her children to purchase the certificate, nor any showing that she thereafter approved or ratified their act. The defendants pleaded that Bessie made a gift *of the certificate* to her children, and on this appeal, we must hold them to their trial theory. Service Construction Co. v. Nichols, 378 S.W.2d 283, 288 [5] (Mo. App.1964), and cases cited marginally nn. 3 and 4. One claiming an inter vivos gift has the burden of proving the same by clear and convincing evidence. In re Estate of Wintermann, 492 S.W.2d 763, 767 [1] (Mo.1973). That burden has not been met in this case. We must, and do, rule that Bessie Happel is the beneficial owner of Savings Certificate No. ARC 461, issued by the plaintiff bank on June 24, 1967, and that the said certificate is now held constructively in trust for her by plaintiffs Gladys Adams and Verba Golden. Defendants, as heirs of I. W. Happel, took whatever interest they have in the certificate subject to and impressed with the trust. Pursuant to the duty imposed upon this court by Rule 84.14, V.A.M.R., it is ordered that the plaintiff Phelps County Bank forthwith pay the proceeds of Savings Certificate No. ARC 461, above

described, to plaintiff Bessie Happel, together with the interest accrued thereon, and that upon making such payment, the said Phelps County Bank stand discharged of all liability upon the said certificate.

All of the Judges concur.