**Paul R. JOHNSON and Audrie C. Johnson, Plaintiffs-Appellants,**

v.

**Donald L. SUMMERS, Defendant-Respondent.**

No. 11611.

Missouri Court of Appeals, Southern District, Division One.

March 10, 1980.

Lynn C. Rodgers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for plaintiffs-appellants.

Rodney E. Loomer, Turner, Reid, Duncan & Loomer, Springfield, for defendant-respondent.

PER CURIAM:

The legal file in this cause discloses the following:

*October 19, 1979*—Judgment in the case was entered on the 19th (but not filed until the 25th) finding the issues for defendant and against plaintiffs.

*November 2, 1979*—Plaintiffs' motion for new trial was timely filed. Rule 78.04, V.A.M.R.

*November 9, 1979*—Plaintiffs' motion for new trial was overruled.

*November 26, 1979*—Plaintiffs' notice of appeal, dated Wednesday, November 21, 1979, was filed.

This court has the duty ex mero motu to inquire into the timeliness of the notice of appeal because in the absence of a timely-filed notice this court has no appellate jurisdiction. *Perryman v. Perryman*, 507 S.W.2d 671, 672[3] (Mo.App.1974). In computing the times involved as required by Rule 44.01(a), V.A.M.R., and in determining the tenth day after the judgment herein became final (when the notice of appeal should have been filed), Rule 81.-04(a), V.A.M.R., we calculate that the notice of appeal herein should have been filed no later than November 19, 1979, which was neither a Saturday, Sunday nor a legal holiday. However, as the notice of appeal herein was not filed until November 26, 1979, or on the 17th day after judgment became final, this appeal must be, and hereby is, dismissed without prejudice to apply for leave to file a notice of appeal out of time. Rule 81.07(a), V.A.M.R.

ALL CONCUR.