**Junior E. LANDRETH, Edith G. Landreth and Betty Polly, Appellants,**

v.

**Lloyd GAN and Kathryn Sue Gan, Respondents.**

No. 12871.

Missouri Court of Appeals,
Southern District,
Division One.

March 2, 1983.

Charles M. Wesley, Waynesville, for appellants.

No appearance for respondents.

CROW, Judge.

Appellants complain the trial court erred in taxing costs. We agree.

Appellants sued respondents in ejectment September 15, 1978. Respondents counterclaimed. On October 15, 1980, the trial court allowed appellants to file an amended petition, and taxed all costs to that date against appellants.[1] Jury trial began January 13, 1981, but the court granted respondents' motion for mistrial because of "misconduct" by appellants' attorney, and ordered "costs to date" taxed to appellants.[2]

On September 17, 1981, the parties filed a written stipulation that the expense of a survey—$478.13—"is to be taxed as costs."

On October 13, 1981, immediately before jury trial was to begin anew, the parties filed a written stipulation settling their disputes. It included this provision: "Costs taxed to defendants[3] per stipulation filed September 17, 1981 and per order of the Court of October 15, 1980."[4]

On October 20, 1981, the trial court entered a judgment adjudicating the substantive issues in accordance with the stipulation filed a week earlier.´ The judgment provided that costs "should be taxed in accordance with the Stipulation of the parties and the prior Orders of this court." No specific amounts were apportioned to any party.

According to appellants, a cost bill of $825.27, sent by the circuit clerk, was at appellants' counsel's office when he returned from a 10-day absence October 27, 1981.[5]

On November 9, 1981, appellants filed a motion asking the trial court to (a) assess the costs in accordance with "the oral agreements of the parties" and the stipulations of September 17, 1981, and October 13, 1981, or (b) set aside the judgment of October 20, 1981, and reschedule the cause for trial on the merits. The thrust of the motion was that respondents should pay the survey expense.[6]

On July 7, 1982, almost eight months after appellants' post-judgment motion was filed, the trial court made an entry on the "docket sheet" taxing costs as follows:

(a) All costs up to and including January 13, 1981, taxed to appellants ($761.00),

(b) Survey expense plus a $25.00 witness fee for the surveyor on October 13, 1981, taxed to appellants ($503.13),

(c) The balance (aggregating $73.76) taxed equally between appellants and respondents.

Thus, of total costs of $1,337.89, $1,301.01, or over 97%, were ordered taxed to appellants.

On July 15, 1982, the trial court entered a "Judgment" in accordance with the entry of July 7, 1982, specifically listing each item of

---

1. The record before us shows that costs totaling $565.60 had accrued as of October 15, 1980.

2. Additional costs of $195.40 accrued between October 15, 1980, and January 13, 1981.

3. Respondents.

4. Further costs of $39.46, in addition to the stipulated survey expense of $478.13, accrued between January 13, 1981, and October 13, 1981. Total costs, including survey expense, were therefore $1,278.59 when the stipulation of October 13, 1981, was filed. This sum consisted of 18 separate items, the smallest being a witness fee of $4.40, and the largest being the survey expense. No issue is raised about the propriety of taxing any of the individual items as costs, or about the amount of any item.

5. Appellants' brief states appellants' counsel is unable to locate the bill in his file or the circuit clerk's file. The bill is not before us, and we do not know which items of cost it contained. However, by reason of the arguments in appellants' motion of November 9, 1981, infra, it is obvious the costs billed to appellants included the survey expense. In the motion of November 9, 1981, the amount of the cost bill is stated to be $825.77, in contrast to the amount stated in the brief, $825.27.

6. The motion alleges the "final bill" for the survey totals $690.63, or $212.50 more than the amount stipulated September 17, 1981.

costs taxed to appellants, and each item taxed equally between appellants and respondents.[7] Notice of appeal was filed July 16, 1982.

Before considering the merits we must determine whether the notice of appeal was timely filed; if it was not, we have no jurisdiction. *Johnson v. Summers,* 596 S.W.2d 78 at 79[1], (Mo.App.1980).

The judgment adjudicating the issues according to the stipulation of October 13, 1981, was entered October 20, 1981. If the appeal be from that judgment, the notice of appeal appears delinquent. Appellants' motion of November 9, 1981, was filed on the twentieth day after that judgment was entered. A motion for new trial or to amend a judgment must be filed no later than 15 days after entry of the judgment. Rule 73.01(a)(3).[8] If no timely motion for new trial is filed, a judgment becomes final at the expiration of 30 days after its entry. Rule 81.05(a).

A *notice of appeal must be filed not later* than 10 days after the judgment appealed from becomes final. Rule 81.04(a). If appellants' motion of November 9, 1981, was delinquent, the judgment of October 20, 1981, became final for purpose of appeal November 19, 1981, almost eight months before the notice of appeal was filed.

It is arguable that appellants' motion of November 9, 1981, was timely, as there is no showing that the circuit clerk served notice on appellants' counsel of entry of the judgment of October 20, 1981, as required by Rule 74.78.[9] However, even if appellants' motion of November 9, 1981, was timely, the notice of appeal appears delinquent if the appeal be from the judgment of October 20, 1981. If appellants' motion of November 9, 1981, be treated as a motion under Rule 74.78, and if motions under Rule 74.78 must be ruled on within the same period as motions under Rule 73.01(a)(3), appellants' motion of November 9, 1981, would have been denied February 8, 1982, and the judgment of October 20, 1981, would have become final for purpose of appeal February 8, 1982. Rules 78.06 and 81.05(a).[10] Notice of appeal would have been due February 18, 1982, Rule 81.04(a), nearly five months before it was filed.

Thus, when the trial court made its ruling of July 7, 1982, on appellants' post-judgment motion, it is doubtful an appeal could have then been taken from the judgment of October 20, 1981, and if the appeal be from that judgment a serious issue exists regarding our jurisdiction. Rule 81.04(a); *Johnson v. Summers,* supra.

We need not, however, resolve that issue, because in our opinion the appeal is not from the judgment of October 20, 1981. That judgment resolves the substantive issues precisely the way the parties stipulated October 13, 1981, and there is no issue about that adjudication. The dispute is about costs, not substantive issues. Regarding costs, the judgment of October 20, 1981,

---

7. The total of the items taxed exclusively to appellants is shown on the "Judgment" as $1,249.67. This is a mathematical error, the correct sum being $1,264.13 which, added to $36.88 (half the $73.76 ordered taxed equally), equals the $1,301.01 taxed to appellants.

8. Rule references are to Missouri Rules of Civil Procedure.

9. Appellants' counsel asserts he was unaware that the judgment of October 20, 1981, had been entered until he received the cost bill. Under Rule 74.78, where notice of entry of judgment is not given, the judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the judgment. Appellants' motion of November 9, 1981, came within six months after entry of the October 20, 1981, judgment.

10. February 7, 1982, was the ninetieth day following the filing of appellants' post-judgment motion. February 7, 1982, was a Sunday. Rule 44.01(a) would have extended the deadline for ruling the motion to February 8, 1982. Had the trial court passed on the motion before February 8, 1982 (assuming Rules 78.06 and 81.05(a) allowed 90 days to rule—an issue we need not decide), the judgment of October 20, 1981, would have become final on the date the trial court disposed of the motion. Rule 81.-05(a).

provides that they be taxed "in accordance with the Stipulation of the parties and the prior Orders of this court," a provision so vague and indefinite as to be unintelligible and unenforceable.[11] There were two stipulations, one filed September 17, 1981, and one filed October 13, 1981. The judgment of October 20, 1981, does not identify the stipulation to which it refers. If the judgment refers to the stipulation of October 13, 1981, that stipulation is itself vague and indefinite. We cannot determine how costs are to be taxed from the judgment of October 20, 1981, or the stipulation of October 13, 1981, or both. Indeed, until the trial court's ruling of July 7, 1982, there was no order definite enough for any party to know his liability for costs, or precise enough for any court to enforce or review. A post-judgment order specifically apportioning costs was the only means of resolving the uncertainty created by the nebulous language in the judgment of October 20, 1981.

We also observe that the notice of appeal makes no mention of the judgment of October 20, 1981. The notice identifies the date of the judgment appealed from as July 7, 1982, the date of the trial court's ruling on the cost issue.[12]

Accordingly, we hold the appeal is not from the judgment of October 20, 1981, but rather from the "Judgment" entered July 15, 1982, which formalized the July 7, 1982,

ruling of the trial court concerning costs. This requires us to determine whether the "Judgment" of July 15, 1982, is an appealable order. If it is, appellants' notice of appeal was timely. Rule 81.04(a).[13]

Our examination of the "Judgment" of July 15, 1982, convinces us it is not a judgment at all, but rather a special order after final judgment, appealable under § 512.020, RSMo 1978. It does not mention the substantive issues adjudicated in the judgment of October 20, 1981, nor does it repeat any of the rulings on those issues. Those rulings appear only once—in the judgment of October 20, 1981. That is the instrument which sets out the final determination of the rights of the parties in the action, § 511.020, RSMo 1978; Rule 74.01, and thus constitutes the judgment of the trial court. *Southwest Forest Industries, Inc. v. Loehr Employment Service of Kansas City, Inc.,* 543 S.W.2d 322 at 324[1], (Mo.App.1976). The "Judgment" of July 15, 1982, deals only with costs [14]; it contains no determination of the rights of the parties on the substantive issues. It is therefore not a judgment, but simply an order.[15] A separate order taxing costs has been held appealable. *State ex rel. Morton v. Cave,* 359 Mo. 72, 220 S.W.2d 45 at 51[11], (Mo. banc 1949). We hold the "Judgment" of July 15, 1982, is an appealable order, and refer to it hereafter as "the post-judgment order."

■ Reaching the merits, we hold the trial court erred in taxing the $478.13 sur-

---

11. *See Luna v. Grisham,* 620 S.W.2d 427 (Mo. App.1981), in which certain vague and indefinite provisions in a judgment were ruled "meaningless and ineffective."

12. The first paragraph of the "Judgment" of July 15, 1982, recites that it is being entered July 7, 1982. According to appellants' brief, the eight-day delay between the trial court's ruling of July 7, 1982, and entry of the "Judgment" July 15, 1982, resulted from two efforts by appellants' counsel to prepare a judgment satisfactory to respondents and the trial court.

13. Technically, the notice of appeal of July 16, 1982, from the "Judgment" of July 15, 1982, was probably premature, as the trial court would presumably have had control over the "Judgment" for 30 days, Rule 75.01, and it

would not have become final for purpose of appeal until that time elapsed. Rule 81.05(a). The appeal, however, was not impaired. Rule 81.05(b).

14. The "Judgment" of July 15, 1982, does contain a provision overruling appellants' alternative request to set aside the judgment of October 20, 1981, however on July 15, 1982, it is doubtful the trial court retained power to disturb that judgment. Rules 73.01(a)(3); 75.01; 78.01; 78.06; 81.05(a).

15. An order is every direction of a court or judge, made or entered in writing and not included in a judgment. § 506.050, RSMo 1978; Rule 74.02.

vey expense as costs against appellants. As noted earlier, the stipulation of October 13, 1981, provides, *inter alia*, "Costs taxed to defendants per stipulation filed September 17, 1981...." The stipulation of September 17, 1981, is the one in which the parties agreed to have that $478.13 taxed as costs. That item is the only one mentioned in the September 17, 1981, stipulation. The two stipulations, read together, are unambiguous. They require that the $478.13 survey expense be taxed as costs against respondents. The stipulations having been made, the trial court was bound to enforce them. *Pierson v. Allen*, 409 S.W.2d 127 at 130[4], (Mo.1966). The post-judgment order must therefore be reversed.

It is our duty to dispose finally of a case and give such judgment as the trial court should have entered. Rule 84.14. *Calia v. Calia*, 624 S.W.2d 870 at 874[12], (Mo. App.1981). This, however, presupposes a record and evidence upon which we can rule with some degree of confidence in the reasonableness, fairness and accuracy of our final conclusion. *Household Finance Company, Inc. v. Watson*, 522 S.W.2d 111 at 116[13], (Mo.App.1975). When such record and evidence are not presented, reversal and remand necessarily follow. *In re Estate of Kranitz*, 610 S.W.2d 300 at 304[1], (Mo.App.1980).

We cannot, on the record here,[16] decide with confidence who should pay the remaining $859.76 costs.

Apart from the $478.13 survey expense, the stipulation of October 13, 1981, referred only to costs accrued as of October 15, 1980 ($565.60),[17] and, as said earlier, we cannot determine from that stipulation how that $565.60 is to be taxed. The stipulation is ambiguous; its terms convey more than one meaning so that reasonable persons may fairly differ in interpreting those terms. *Klein v. Puritan Fashions, Inc.*, 439 S.W.2d 229 at 232[2], (Mo.App.1969). The cause must be remanded and the trial court must determine the intent of the parties in the stipulation of October 13, 1981, as to the $565.60, receiving parol evidence if necessary, *Klein v. Puritan Fashions, Inc.*, supra, 439 S.W.2d at 232[1], and tax the $565.60 accordingly.

Appellants concede there is no written stipulation regarding the $294.16 costs which accrued after October 15, 1980. On remand, the trial court must determine whether there was an oral stipulation about that $294.16. If so, the items comprising that sum must be taxed in accordance with the stipulation. If the trial court finds there was no oral stipulation, the trial court must tax the items comprising the $294.16 in the exercise of its sound discretion.[18]

The post-judgment order of July 15, 1982, is reversed and the cause is remanded for further proceedings consistent with this opinion. The costs of this appeal are taxed against respondents. § 514.160, RSMo 1978; Rule 84.18.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

---

**16.** No transcript was filed. We do not know what, if anything, was presented orally to the trial court.

**17.** See footnote 1, supra.

**18.** The substantive issues having been resolved by stipulation which provides relief for each side, there is no "prevailing" party in the trial court against whom to automatically tax costs. § 514.060, RSMo 1978.