Virginia A. LeGRAND, Plaintiff-Appellant and Cross-Respondent,

v.

Marvin A. LeGRAND and Anita M. Hinkebein, Defendants-Respondents and Cross-Appellants.

Nos. 13173, 13182.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 7, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Dec. 29, 1983.

Kenneth G. Gibbar, Cape Girardeau, for plaintiff-appellant and cross-respondent.

John P. Bradshaw, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for defendants-respondents and cross-appellants.

PREWITT, Judge.

■ Plaintiff and defendants both appeal from the trial court's judgment. In examining the record a question of the timeliness of the notices of appeal is shown. This court has the duty to inquire into the timeliness of a notice of appeal because a timely-filed notice is required for our jurisdiction. *Johnson v. Summers,* 596 S.W.2d 78, 79 (Mo.App.1980).

■ A notice of appeal must be filed not later than ten days after the judgment or order appealed from becomes final. Rule 81.04(a). If no timely authorized after-trial motions are filed, a judgment becomes final at the expiration of thirty days after its entry. Rule 81.05(a).

The judgment was entered on January 13, 1983, and no after-trial motions were filed. On Wednesday, February 23, 1983, forty-one days later, plaintiff filed her notice of appeal. Upon initial examination it might appear that plaintiff's notice of appeal was not timely filed because it was filed over forty days after judgment and not following a weekend or holiday. However, when we compute each of the applicable times separately in the manner required by Rule 44.01(a), the notice was timely.

■ Rule 44.01(a) provides that if the last day of a period computed is a Saturday, Sunday or legal holiday, the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. The time that a judgment becomes final is extended past thirty days if the thirty days expires on a weekend or legal holiday and then a party has ten days thereafter, as also extended by Rule 44.01(a), to file a notice of appeal. *State ex rel. State Highway Commission v. Graeler,* 303 S.W.2d 944, 947 (Mo.App.1957).

■ The thirtieth day following the entry of the judgment here was Saturday, February 12, 1983. Therefore, the judgment was not final until the end of Monday, February 14, and plaintiff's notice of appeal, filed nine days later was timely. Defendant's notice of appeal was also timely as it was filed on March 4, 1983, within ten days of plaintiff's timely notice of appeal, plaintiff's being the first notice of appeal in this case. See Rule 81.04(b).

*Haller v. Shaw,* 555 S.W.2d 703 (Mo.App. 1977), fortifies our holding that we have jurisdiction. The court there held that the thirty-day period, over which the trial court has superintending control over its judgments, under Rule 75.01, is to be computed by Rule 44.01(a), and does not terminate until the end of a day which was neither a Saturday, Sunday nor legal holiday. We think it must have been intended that the time that a trial court has control over its judgments, and the time the judgments are final, would be the same.

On its merits this matter involves a dispute between three children of Zeno LeGrand, now deceased. Counts I, II, III, V, and VI involve savings accounts or certificates of deposit which at the time of his death were in the name of Zeno and the names of one of defendants or in Zeno's name as trustee for each defendant. Count IV contended that following Zeno's death certain personal property items of plaintiff were taken by defendant Marvin LeGrand, resulting in damage to plaintiff. The evidence indicated that Zeno was attempting to use the accounts to make a testamentary disposition and perhaps one or more of the accounts also in the nature of a trust for his and plaintiff's benefit.

Following nonjury trial the trial court determined that plaintiff was entitled to

the proceeds of the bank account described in Count I and found in favor of the defendants on the remaining counts. Defendants appeal to contest the finding in plaintiff's favor on Count I and plaintiff appeals to contest the court's determination on the remaining counts.

 In our review we are to sustain the trial court unless there is no substantial evidence to support the judgment, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We are to set aside a judgment on the ground that it is against the weight of the evidence with caution and only when there is a firm belief that it is wrong. *Id.*

Reviewing upon this basis the judgment must be affirmed as it is supported by substantial evidence and is not against the weight of the evidence and no error of law appears. The trial court found, and the evidence supports its determination, that anything taken from plaintiff by defendant Marvin LeGrand was returned without damage to plaintiff. There was evidence that the funds in Count I came solely from plaintiff and were to be hers or to be used only for her benefit, which supported the finding for her on this count. See *Hergenreter v. Sommers,* 535 S.W.2d 513 (Mo.App. 1976); *Happel v. Grogan,* 514 S.W.2d 178 (Mo.App.1974). There was evidence that the remaining accounts came from funds of Zeno who had the right to place them so that upon his death defendants were the owners and there was no evidence which compelled the trial court to find fraud or undue influence by defendants. The legal aspects of funds such as those here have been previously explored and determined. See *In re Estate of LaGarce,* 487 S.W.2d 493 (Mo. banc 1972); *Happel v. Grogan,* supra; *Skidmore v. Back,* 512 S.W.2d 223 (Mo.App.1974); *Carroll v. Hahn,* 498 S.W.2d 602 (Mo.App.1973). An extended opinion here could add nothing more and would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.