In re the MARRIAGE OF Kimberly Jean GRIGERY and Timothy Shain Grigery.

Kimberly Jean GRIGERY, Respondent,

v.

Timothy Shain GRIGERY, Appellant.

No. 17390.

Missouri Court of Appeals, Southern District, Division One.

Nov. 14, 1991.

Kenneth L. Dement, Jr., Dement, Vandivort and Dement, Sikeston, for appellant.

Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, for respondent.

CROW, Judge.

Timothy Shain Grigery attempts to appeal from a decree of dissolution of marriage. Because the notice of appeal was untimely, we dismiss the appeal for lack of appellate jurisdiction.

The trial court entered a decree of dissolution of marriage September 17, 1990. Kimberly Jean Grigery (petitioner below) filed a "Motion to Reconsider" on September 25 or 26, 1990.[1]

On October 3, 1990, Timothy[2] filed a motion for new trial on the issue of child custody and visitation or, in the alternative, for an amendment of the decree.

The trial court took up both motions November 30, 1990. According to the record, the only action by the trial court that date was: "Matter taken under advisement."

Nothing else occurred until January 30, 1991, when the trial court signed and filed a decree differing in certain respects from the decree of September 17, 1990.

On February 8, 1991, Timothy filed a notice of appeal "from the Courts [sic] decree of 9–17–90 and 1–30–91 respectively."

■ It is our duty *ex mero motu* to inquire into the timeliness of the notice of appeal because in the absence of a timely filed notice we have no appellate jurisdiction. *LeGrand v. LeGrand,* 663 S.W.2d 339, 340[1] (Mo.App.1983); *Johnson v. Summers,* 596 S.W.2d 78, 79[1] (Mo.App. 1980); *Perryman v. Perryman,* 507 S.W.2d 671, 672[3] (Mo.App.1974).

■ Not later than 15 days after entry of a decree in a court-tried case, a party may file a motion for new trial or a motion to amend the decree, or both. Rule 73.-01(a)(3).[3] Such motions must be filed within that period; if untimely they are nullities. *In re Marriage of Neal,* 699 S.W.2d 92, 93[1] (Mo.App.1985), citing *Lloyd v. Garren,* 366 S.W.2d 341, 344 (Mo.1963). Assuming, without deciding, that Kimberly's "Motion to Reconsider" may properly be treated as a motion for new trial under Rule 73.01(a)(3), such motion was timely.

October 2, 1990, was the deadline for a motion under Rule 73.01(a)(3). As we have seen, Timothy's motion for new trial or, in the alternative, for an amendment of the decree was filed October 3, 1990. Consequently, only Kimberly's after-trial motion was timely.

If a motion for new trial is not passed on within 90 days after its filing, it is denied for all purposes. Rule 78.06; *W & S Investment Co., Inc. v. Mushrush,* 669 S.W.2d 601, 603[1] (Mo.App.1984).

■ Here, the trial court took up Kimberly's after-trial motion November 30, 1990 (well within 90 days after its filing), but neither granted nor denied it. Treating Kimberly's motion as a motion for new trial, and assuming it was filed September 26, 1990 (the later of the two dates indicated by the record), it was automatically denied for all purposes December 26, 1990, by reason of Rule 78.06. On that date, the decree of September 17, 1990, became final for purpose of appeal. Rule 81.05(a); *State ex rel. Charter Bank of Jennings v. O'Toole,* 638 S.W.2d 321, 322[3] (Mo.App. 1982).

Notice of appeal must be filed not later than 10 days after the decree appealed from becomes final. Rule 81.04(a); *LeGrand,* 663 S.W.2d at 340[2].

Here, as reported earlier, Timothy's notice of appeal was not filed until February

---

1. The motion is not included in the legal file. The notice of appeal states the motion was filed September 25, 1990. The trial court's docket sheet shows the motion was filed September 26, 1990.

2. For convenience, we henceforth refer to the parties by their respective first names.

3. Rule references are to Missouri Rules of Civil Procedure (1990).

8, 1991. Obviously, it was untimely as to the decree of September 17, 1990.

Although Timothy's notice of appeal was filed the ninth day after entry of the purported decree of January 30, 1991, that decree was a nullity.

■ Under Rule 75.01, a trial court retains control over its decree during the 30-day period after entry and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its decree within that time. This power lapses upon expiration of 30 days after entry of the decree. *Lake Thunderbird Property Owners Association, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763[2] (Mo.App.1984). Here, the trial court did not disturb the September 17, 1990, decree within 30 days after its entry. The trial court's power under Rule 75.01 expired long before the trial court signed and filed the January 30, 1991, decree.

If Kimberly's "Motion to Reconsider" could properly be treated as a motion for new trial, the trial court was empowered to grant a new trial during the 90-day period immediately following the filing of that motion, for any reason properly preserved and set forth in it. *Stretch v. State Farm Mutual Automobile Insurance Co.*, 645 S.W.2d 729, 731[1] (Mo.App.1983); *Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo.App.1971). However, the trial court took no action until January 30, 1991, long after Kimberly's motion had been automatically denied per Rule 78.06.

It is thus apparent the trial court was without authority to enter the January 30, 1991, decree. Inasmuch as the only valid decree is the one entered September 17, 1990, and Timothy's notice of appeal was untimely as to it, we are without jurisdiction to entertain the appeal.

Appeal dismissed.

PREWITT, P.J., and PARRISH, J., concur.