**264**

**JOSEPH PROJECTS DIVERSIFIED, INC., Appellant,**

v.

**B.W. BIRK & ASSOCIATES, INC., Respondent.**

**No. 59771.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 7, 1992.

Irl B. Baris, St. Louis, Jeffrey P. Hine, Cape Girardeau, for appellant.

A. M. Spradling, Cape Girardeau, for respondent.

CRIST, Judge.

Appeal from a judgment entered after a jury verdict in favor of Defendant (Contractor) concerning a finder's fee agreement.

Joseph Projects alleged it and Contractor entered into a finder's fee agreement, whereby Joseph Projects agreed to find construction projects on which Contractor could bid for mechanical work, and Contractor agreed to pay Plaintiff 4.54 per cent of the total amount received by Contractor on any such projects. Joseph Projects claims that, through its efforts, Contractor was the successful bidder on portions of the West Park Mall project in Cape Girardeau. Contractor received compensation for the project of approximately $1,500,000. Joseph Projects claims a finder's fee of 4.54 per cent, amounting to $68,100 plus interest.

Joseph Projects' claim rests upon a letter from Contractor which stated: "... I agreed to bid projects on a 10% and 10% basis, over taxes, on labor and materials of which you will share 50% of the last 10% which in effect gives you 5% of the total job based at the cost rate and not a 5% discount...."

Contractor countered by alleging the agreement was intended to apply only to a time and material contract and not to the hard-dollar contracts relating to the West Park Mall project. Contractor further asserted Joseph Projects had little, if anything to do with Contractor being the successful bidder on the West Park Mall project.

In its sole point on appeal, Joseph Projects asserts the trial court committed reversible error when it permitted Contractor to produce evidence showing the agreement was intended to apply only to a time and material contract and not to the hard-dollar contract on the West Park Mall project. The issue is whether such evidence violated the parol evidence rule.

The trial court found the agreement to be patently ambiguous and permitted parol evidence to explain the meaning

of the contract. The agreement is ambiguous if there is doubt or uncertainty as to its meaning and is fairly susceptible of two interpretations. *Minden v. Otis Elevator Co.*, 793 S.W.2d 461, 464 [7] (Mo.App.1990). The agreement referred to a bid on projects on a 10 per cent and 10 per cent basis, over taxes, on labor and materials. It is unclear whether this method of bidding was to be done on all future projects or only a specific project. In addition, one cannot ascertain if the finder's fee would apply only if Contractor bid in the manner stated or if the fee would apply regardless. Finally, the agreement letter stated the fee would be "in effect 5%" but used an example which used a factor of 4.54 per cent. There is little question but that the contract was ambiguous on its face, and the trial court was within its discretion to permit parol evidence to explain it. *Aluminum Products Enterprises, Inc. v. Fuhrmann Tooling and Manufacturing Co.*, 758 S.W.2d 119, 124 [9–14] (Mo.App. 1988); *see also Klein v. Puritan Fashions, Inc.*, 439 S.W.2d 229, 232–233 [3, 4] (Mo. App.1969).

Judgment affirmed.

CARL R. GAERTNER, C.J., and REINHARD, J., concur.