**Terry WEBSTER, Plaintiff–Appellant,**

v.

**CITY OF COOL VALLEY,
Defendant–Respondent.**

No. 61173.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Oct. 20, 1992.

Terry Webster, pro se.

No appearance for defendant-respondent.

KAROHL, Chief Judge.

On March 19, 1991, plaintiff, Terry Webster, filed a petition for replevin which was dismissed on July 2, 1991, as being barred by the statute of limitations. Plaintiff appeals after the denial of his motion for new trial. Because the notice of appeal was untimely we dismiss the appeal for lack of appellate jurisdiction.

On July 19, 1991, plaintiff filed a motion for new trial styled a motion to vacate and reopen the judgment. The court overruled the motion on October 21, 1991. Plaintiff filed a notice of appeal on November 12, 1991.

■ It is our duty to determine sua sponte whether we have jurisdiction before addressing the issues on appeal. *Peters v. United Consumers Club,* 786 S.W.2d 192, 193 (Mo.App.1990).

■ A party may, but need not, file a motion for a new trial in a matter ruled by the trial court. The motion must be filed within fifteen days after judgment. Rule 73.01(a)(3). If untimely the motion is a nullity. *In re Marriage of Grigery,* 818 S.W.2d 738, 739 (Mo.App.1991). The filing deadline for plaintiff's motion under 73.-01(a)(3) was July 17, 1991. Plaintiff filed an untimely motion on July 19, 1991. Since plaintiff's motion was not valid, the circuit court had no jurisdiction to rule on plaintiff's motion. The only valid decree of the circuit court was the dismissal of plaintiff's petition for replevin.

For the purpose of ascertaining the time within which an appeal may be taken, a judgment in a court tried case becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. Rule 81.-05(a). No appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final Rule 81.04(a). Therefore, under Rule 81.05(a) the judgment was final on August 1, 1991, and under Rule 81.04(a) the deadline to file a notice of appeal was August 12, 1991.

Since plaintiff filed his notice of appeal on November 12, 1991, it is untimely. We are without jurisdiction to entertain the appeal.

Appeal dismissed.

PUDLOWSKI and CRANDALL, JJ., concur.