Stephen W. SAMAZIN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 48448.

Missouri Court of Appeals,
Western District.

May 31, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Byron N. Fox, Kansas City, for respondent.

Before TURNAGE, C.J., and FENNER and SPINDEN, JJ.

TURNAGE, Chief Judge.

Stephen Samazin filed a petition for review of the revocation of his driver's license by the Director of Revenue. The court entered an order reinstating Samazin's driver's license. The Director appeals and contends that the court's order was entered after the court had lost jurisdiction. Reversed and remanded.

The Director of Revenue notified Samazin that his driver's license was being revoked for refusing to submit to a chemical test to determine his blood alcohol content pursuant to § 577.041, RSMo Cum.Supp.1992. Samazin filed a petition for review of the revocation.

On July 29, 1993 the trial court entered an order sustaining the revocation of Samazin's license. On August 26, 1993 Samazin filed a "Motion for Reconsideration." On September 16, 1993 the court entered an order setting aside its judgment of July 29, 1993

and ordered the Director of Revenue to reinstate Samazin's driver's license. The Director of Revenue contends that the order entered on September 16, 1993 is void because the court had lost jurisdiction of Samazin's petition for review.

A "Motion for Reconsideration" is treated as a motion for a new trial in a court-tried case. *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.*, 754 S.W.2d 897, 899[3–6] (Mo. App.1988). A motion for new trial must be filed not later than 15 days after the entry of judgment. Rule 73.01(a)(3).[1] If a motion for new trial is not timely filed, the motion is a nullity. *In re Marriage of Grigery*, 818 S.W.2d 738, 739[2] (Mo.App.1991). Absent a timely motion for a new trial, the trial court loses jurisdiction of the cause 30 days after entry of judgment. *Telge v. Telge*, 677 S.W.2d 403, 406[5–8] (Mo.App.1984).

In this case the trial court entered its judgment sustaining the action of the Director of Revenue on July 29, 1993. Although the court purported to grant Samazin's "Motion for Reconsideration," the motion was not timely filed and the court did not have jurisdiction to rule on such motion. *Webster v. City of Cool Valley*, 838 S.W.2d 520[2] (Mo.App.1992). There was no timely motion for new trial, therefore, the judgment became final on August 28, 1993. The court did not have jurisdiction to enter the judgment on September 16 so the only valid judgment entered by the trial court was the judgment of July 29, 1993 by which the court sustained the revocation of Samazin's license.

The judgment entered on September 16, 1993 purporting to set aside the judgment on July 29, 1993 is reversed. This cause is remanded with directions to set aside the purported judgment entered on September 16, 1993 and to enter judgment sustaining the revocation of Samazin's driver's license by the Director of Revenue.

All concur.

1. Effective January 1, 1994, Rule 73.01 has been amended to permit after-trial motion filings not later than 30 days from the date of the judgment.