**Robert T. MELVILLE, Jr.,**
**Plaintiff/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.**

No. 65910.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 14, 1995.

ages in maintenance payments required by the original decree was recognized in *State ex rel. Dawson v. Rombauer*, 99 Mo. 216, 12 S.W. 661 (1889).

Jeremian W. (Jay) Nixon, Atty. Gen., James A. Chanault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles A. Rizzo, Jr., St. Louis, for respondent.

GRIMM, Chief Judge.

Director of Revenue appeals the trial court's judgment which sustained driver's petition to review license revocation. We reverse because the trial court lacked jurisdiction at the time it entered its orders.

## I. Background

Driver filed a timely petition for review and Director filed a timely answer. The matter was set on the July 19, 1993 call docket.

On July 19, the cause was reset for September 20. The record does not disclose that any action occurred on that date. On November 12, the case was set for dismissal on December 14. On December 14, Judge Robert Smith dismissed the "cause of action for failure to prosecute, without prejudice, at costs of petitioner."

* Driver did not favor us with a brief.

The record does not contain any motions or pleadings between December 14, 1993 and February 1, 1994. However, on February 1, Judge John Ogle entered the following order:

For good cause shown, the court's order dismissing the above Petition is set aside. The defendant plead guilty to Blood Alcohol Content charge in St. Louis County on August 31, 1993. Cause is reset on 2/22/94 for disposition.

Thereafter, on February 22, an assistant prosecuting attorney confessed the petition and agreed to the reinstatement of driver's license. The order approving this reinstatement was signed by Judge James Foley.

In her first point, Director alleges the trial court lacked subject matter jurisdiction because driver failed to name Director as a party. This point comes within the rule expressed in *Jackson v. Director of Revenue*, 893 S.W.2d 831 (Mo. banc 1995). Driver's petition requested the trial court to "order the Director of Revenue ... to reinstate Petitioner to full driving privileges." Further, the petition made clear that driver sought review of the revocation of his driver's license. Point denied.

For her second point, Director alleges the trial court erred in setting aside its order of December 14, 1993 on February 1, 1994. She contends that in the absence of any timely motions, the trial court lost jurisdiction over the order on January 13, 1994.*

Generally, a trial court retains jurisdiction over a case for thirty days after a judgment is entered. *See* Rule 75.01. In the absence of a timely motion, a trial court loses jurisdiction of the cause 30 days after entry of judgment or dismissal of an action. *See Samazin v. Director of Revenue*, 876 S.W.2d 50, 51 (Mo.App.W.D.1994); *Matter of Smith*, 840 S.W.2d 268, 270–271 (Mo.App.E.D.1992); *Harrison v. Weisbrod*, 358 S.W.2d 277, 282–283 (Mo.App.S.D.1962).

Here, the trial court lost jurisdiction of the cause 30 days after it dismissed it on December 14, 1993. The trial court did not have jurisdiction on February 1, 1994, to set aside the December 14 order. Thus, the only

valid order is the one entered by the trial court on December 14, 1993, dismissing the petition without prejudice.

The trial court's order entered on February 1, 1994, purporting to set aside the December 14 dismissal, is reversed. Further, the trial court's order entered on February 22, 1994, reinstating driver's privileges, is also reversed due to lack of jurisdiction. This cause is remanded with directions to set aside the February 1 and February 22, 1994 orders and to reinstate the dismissal of the petition.

REINHARD and CARL R. GAERTNER, JJ., concur.