200. The evidence before us shows only that relator could not make a $20,000 bond, but could make a $2,500 bond. It is not even shown that the same sureties who signed the bond for the latter amount would not sign the $10,000 bond; as far as the evidence goes it is to show that they would make a $2,500 bond.

 When reduced to its last analysis the proposition here urged is that we should hold as a matter of law that to require bail in the sum of $10,000 is unreasonable. On the meager showing in the present record we think it is asking this court to go too far. The ability of accused to make bond is not alone controlling, if so, many unfortunate and friendless defendants would have to be released on nominal bonds although charged with the most serious offenses. The rules to be observed in fixing the amount of bail are stated in Art. 281, C.C.P., as follows:

, "* * * The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The principles thus stated have been given frequent application. See Ex parte Turner, 119 Tex.Cr.R. 151, 45 S.W.2d 1017; Ex parte Nelson, 125 Tex.Cr.R. 439, 69 S.W.2d 126; Ex parte Jones, 107 Tex. Cr.R. 438, 296 S.W. 886; Ex parte Burleson, 133 Tex.Cr.R. 75, 109 S.W.2d 200. Taking into consideration the "nature of the offense" necessarily involves the punishment permitted under the law. In the present case the agreement upon the habeas corpus hearing shows that in addition to charging relator with burglary it was also charged that he was an habitual criminal. If the charges thus made were supported by proof, the jury had no option in regard to the punishment to be assessed. The statute, Art. 63, P.C., fixes it absolutely at imprisonment in the penitentiary for life. The trial court could properly take that into consideration in fixing bail at an amount sufficiently high to give "reasonable assurance" that relator would be present in court to answer the charge in the indictment.

Under the showing in the present record we feel unauthorized to disturb the judgment of the trial court, and same is affirmed.

## KNOX v. STATE.

### No. 21243.

Court of Criminal Appeals of Texas.

Oct. 23, 1940.

Rehearing Denied Nov. 20, 1940.

W. C. Dowdy, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Upon appellant's plea of guilty of the offense of driving an automobile upon a public highway while intoxicated, his punishment was assessed by the jury at a fine of fifty dollars and twenty days' confinement in the county jail.

The record before us contains neither a statement of facts nor bills of exception. The indictment seems to be in proper form. All matters of procedure appearing regular, the judgment will be affirmed.

## On Motion for Rehearing.

BEAUCHAMP, Judge.

The motion for rehearing filed in this cause complains that the information charges no offense against the law. Appellant has cited no authorities upon which he relies and we are unable to agree with his conclusion and we find in it no question which calls for any discussion.

The motion for rehearing is overruled.