FRANK B. JOHNSON ET AL., Plaintiffs-Appellants, v. FRED K. WHEELER ET AL., Defendants-Respondents, No. 41502—228 S. W. (2d) 714.

Division Two, March 13, 1950.

Motion for Rehearing or to Transfer to Banc Overruled in Per Curiam Opinion Filed, April 10, 1950.

*C. A. Stoner, Emmett L. Bartram, Howard Elliott, Fred Armstrong* and *Aubrey B. Hamilton* for appellants; *Boyle, Priest & Elliott* of counsel.

*F. M. Frisby, R. E. Moulthrop* and *L. J. Ottley* for respondent-trustees.

*J. E. Taylor,* Attorney General; and *Richard F. Thompson,* Assistant Attorney General, for respondent.

ELLISON, P. J.—The first count of the petition in this case seeks a construction of the will of George A. Wymore, deceased; assails as void two testamentary charitable trusts declared therein; prays a decree requiring the two defendant trustees of said trusts to surrender to the heirs of the testator all of the net assets of his estate; and also that the title to his real estate be vested in the heirs. The second count prays for partition of the real estate by sale and a division of the proceeds among the heirs. One of the two trusts set up a fund of $1000 for the upkeep of a cemetery. The other, covering the testator's residuary estate of realty and personalty, established a "County Poor Fund." The executors named in the will were designated therein as trustees. We have appellate jurisdiction because the title to real estate is involved.

The will was made in 1927. The testator died in 1931, leaving no widow, children or their descendants, and no full brothers and sisters. But he did leave as heirs four half sisters, all of whom are now deceased. However, he disinherited them in the fourth clause of the will. This suit was brought 18 years later in 1949 by part of the descendants of the half sisters. They maintain that the trusts being void, and the testator consequently having died intestate with respect to the property covered thereby, they are entitled to claim it as *his heirs,* and to maintain this suit. The non-joining descendants of the four half sisters and the trustees are impleaded in the petition as defendants. All these defendants are represented by the Attorney General [in view of the charitable trusts involved] and by the at-

torneys for the trustees. Both filed answers invoking the doctrine of laches and the ten year statute of limitations, Sec. 1013, R. S. 1939, Mo. R. S. A., the suit not having been brought until 18 years after the testator died and the will took effect. '

That defense must be considered first, since it is dispositive of the whole case if valid. No contention is made by appellants that this statute does not cover the money and property involved, as such. The only question is whether the statute applies in favor of *trustees* holding the property in trust. Both appellants and respondents cite two of the same cases,[1] and respondents further submit the additional authorities listed below,[2] to which we have added others.

Respondents stress the Odom case.[2] The facts in that case are meagerly stated in the opinion. But it appears that certain nephews and nieces of a testatrix sued to set aside the residuary clause of her will declaring a trust, whereunder her real and personal estate was to be converted into cash and the proceeds distributed. The plaintiffs had been cut off in the will with $1 each. The opinion said: "Plaintiffs contend that a right of action by an heir or distributee is barred by no statute of limitations. Even so, the plaintiffs are neither heirs nor distributees under the residuary clause of the will. They are strangers to the clause. They seek by this action to have the clause ruled void and thereby become heirs-at-law and entitled to distribution. In other words, it is not an action by an executor or trustee under a will, or by a legatee, devisee or cestui que trust under a will who may sue for a construction of a will without statutory limitations. The word 'construe', as used with reference to wills, means to determine the intention of the testator as set forth in an ambiguous but lawful provision of the will. In this action plaintiffs seek no such construction. They challenge the residuary clause as void. If void, there is nothing to construe. This effort of plaintiffs to have the residuary clause ruled void is subject to statutory limitations. * * *"

Thus it will be seen the Odom case held that an heir claiming as distributee under a will can bring a bona fide suit to construe the will without being barred by the statute of limitations. But if the heir has been disinherited by the will, he cannot under the guise of

[1]St. L. Union Trust Co. v. Kelley, 355 Mo. 924, 939 (11), 199 SW. (2d) 344, 353 (15); Atlantic Nat'l Bank v. St. L. Union Trust Co., 357 Mo. 770, 782 (6), 211 SW. (2d) 2, 9 (17).

[2]37 C. J. § 267, p. 903, § 268, p. 906; 53 C. J. S. § 19, p. 954; 54 C. J. S. § 179, p. 151; 65 C. J. § 954, p. 1023; 69 C. J. § 2014, p. 881; Odom v. Langston, 355 Mo. 109, 113 (1), 195 SW. (2d) 463, 464-5 (2, 5); Kerber v. Rowe, 348 Mo. 1125, 1131 (3), 156 SW. (2d) 925, 928 (5); Howard County v. Moniteau County, 336 Mo. 295, 300 (3), 78 SW. (2d) 96, 97 (3, 4); Hudson v. Cahoon, 193 Mo. 547, 561-2, 91 SW. 72, 77; Ewing v. Shannahan, 113 Mo. 188, 197, 20 SW. 1065, 1067 (4); Canada v. Daniel, 175 Mo. App. 55, 68-9, 157 SW. 1032, 1036.

construing it bring a suit to have it (or the part involved) declared void, and thus to permit himself to take as heir in spite of the disinheritance—he cannot do that, we say, without subjecting himself to the statute of limitations.

The St. Louis Union Trust-Kelley case cited by both appellants and respondents was a suit brought by a trustee to construe a testamentary trust in favor of the lineal descendants of the testatrix as cestuis que trustent. A question raised was whether the trust was void as violative of the rule against perpetuities, and the trustee's petition asked *directions* and general relief. After the argument and submission of the cause here the trustee wrote a letter to our clerk in the nature of a suggestion, invoking the statute of limitations against any claims set up by the *defendants* adverse to the will under the perpetuities rule, and asking that we consider the point in view of the Odom case which had only shortly theretofore been published.

Appellants argue the Kelley case lays down the rule that the statute of limitations does not apply in favor of trustees who are not holding their funds adversely under a claim of right, "but solely for the account of to whom it may concern." That is true, and we held in the Kelley case that under its facts the Odom case was not in point. But there was a vast difference in the facts in the two cases, as pointed out in the Kelley case. In that case the suit was brought by the *trustee,* and it was a suit for the *construction* of the will injecting the statute of limitations feature merely on points raised by the defendants. However the trustee did not claim to be in adverse possession of the trust property, but only to hold it "for better or for worse, whatever the will means and whatever may be its legal effect." On the other hand, in the Odom case *disinherited heirs* brought the suit claiming the title as strangers to and *against* the trust, and not for a mere construction of it, and also against the trustees ▓▓▓ who did claim adversely. And the same is true here.

The Atlantic National Bank case[2] was an action in equity to construe and determine the effect of an alleged express written trust inter vivos, the beneficiary being a son of the trustor and one of the two trustees. This court held the trust was void and vested title to the trust property directly in the beneficiary son (or his executor, he being deceased.) But the other trustee contended that notwithstanding the original trust was void it (the trustee) nevertheless held the trust property on a resulting trust in favor of the heirs of the beneficiary, and that the beneficiary's executor was barred by limitation from asserting the contrary. This court held the statute would not run in favor of the *trustee* of a trust as against the *beneficiary,* unless and until the trustee had repudiated the trust and thereby given notice of his adverse claims.

We shall not extend the discussion of the authorities cited, supra,[2] other than these two which we think make the distinction clear.

The law is thus stated in Ewing v. Shannahan, 113 Mo. l. c. 197, 20 SW. l. c. 1067: "While there was some doubt at one time, the law is now well settled, both in England and in this country, that the rule that the statute of limitations does not bar a trust estate holds only as between *cestui que trust* and trustee, and not between *cestui que trust* and trustee on the one side and strangers on the other side." The same rule is restated in Canada v. Daniel, 175 Mo. App. 55, 68-9 (11), 157 SW. 1032, 1036 (10). There are, of course, exceptions to the rule, as where the trustee has repudiated his trust within the knowledge of the beneficiary. In that event the statute of limitations will begin to run against the latter from the time of such known repudiation, as held in the Atlantic National Bank case, supra.[2]

In this case the plaintiff-appellants claim title to the trust property by inheritance as *heirs* of the testator in contravention of the trust. They never were cestuis que trustent thereunder. And they assert their claim against an adverse title held by the trustees under the Wymore will for 18 years. They have knowingly been strangers in interest during all that time. For these reasons we think their claim is barred by limitation, and the judgment of the trial court is affirmed. All concur.

### ON MOTION FOR REHEARING.

■ PER CURIAM:—Plaintiffs-appellants assert Odom v. Langston, 355 Mo. 109, 113 (1), 195 SW. (2d) 463, 464-5 (2, 5), upon which our principal opinion largely rests, was overruled sub silentio by Atlantic Nat'l Bank v. St. L. Union Trust Co., 357 Mo. 770, 782 (6), 211 SW. (2d) 2, 9 (17); that we have overlooked the scope and binding effect of the latter decision; and that the Ewing and Canada cases cited in our opinion are not "applicable".

Before discussing the Atlantic Nat'l. Bank case, it must be remembered there are three groups of parties involved here: (1) the *trustees* of the trust declared by the will, who are the executors; (2) the *beneficiaries* under the trust, which are the charities created by the will; (3) and the disinherited *heirs* of the testator, who claim title to the trust res by inheritance under the statute of descents, and *against* the will and trust on the theory that the latter are void. They brought this suit 18 years after the testator died and the will took effect, and could have instituted it any time during those intervening years while the trustees were holding the title and trust res under the will. Nevertheless appellants assert the statute of limitations has not run against their own claim as heirs, which is adverse and hostile to the whole trust.

It is true that the statute of limitations generally does not run in favor of one and against the other, as between the *trustee*, and the *beneficiaries* of a trust, for the possessory and title rights of the two are merely complementary parts of the whole title, and not hostile to

'each other. 37 C. J. § 34, p. 719; § 267, p. 903: 53 C. J. S. § 19, p. 954; 54 C. J. S. § 178, p. 149. But the same is not true as regards *third parties* out of possession who, as heirs of the trustor, assert title rights by inheritance which would nullify and destroy the trust. As to them the possession of the trustee and beneficiaries is' hostile.. The rule is definitely stated in the Ewing case, quoted at the close of the principal opinion, that the statute of limitations does apply where. the beneficiaries and trustee are on the same side of the case and strangers are on the other.

We cannot see that the Atlantic National Bank case even purports to overrule the Odom, Ewing and Canada cases. In the first named decision the defendant St. Louis Union Trust Company claimed to be trustee of an existing resulting trust in favor of a beneficiary, which it had never repudiated. It was therefore held the statute of limitations had never begun to run in its favor as against the beneficiary of the alleged trust. But the beneficiary's contention was sustained that the trust was void. In the instant case the plaintiffs-appellants are not and never were beneficiaries of the trust created by the will. They claim as third party heirs in derogation of the trust, and the statute of limitations had run as to them. It was so held in Priest v. Capitain (Mo. Div. 1) 197 SW. 83, 87(4, 5). And that decision was cited with approval in the Atlantic National Bank case, 357 Mo. l. c. 783(6), 211 SW. (2d) l. c. 9 (16).

The motion for rehearing is overruled.