STATE ex rel. CHARTER BANK OF
JENNINGS, Appellant,

v.

Daniel J. O'TOOLE, Presiding Associate
Circuit Judge, 21st Judicial Circuit St.
Louis County, Missouri, Respondent.

No. 44003.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 17, 1982.

David P. Oetting, Clayton, for appellant.

Mary Jamis Kresyman, St. Louis, for respondent.

SMITH, Presiding Judge.

■ Charter Bank of Jennings appeals from the action of the trial court in quashing its preliminary writ of prohibition preventing an associate circuit judge from further proceedings in a suit between Joan Day and Charter Bank and others. The order of the trial court quashing the preliminary writ is appealable. *State ex rel. River Cement Company v. Pepple*, 585 S.W.2d 122 (Mo.App.1979) [1].

The trial court's order appealed from was entered January 5, 1981. Charter Bank filed its motion for rehearing or new trial on January 13, 1981. The motion was denied January 30, 1981. Charter Bank filed its notice of appeal on February 13, 1981. Respondent has moved to dismiss the appeal on the basis it was untimely filed. The motion is well taken.

■ Timely filing of a notice of appeal is jurisdictional. Rule 81.05(a) provides that a judgment becomes final 30 days after its entry if no timely motion for new trial is filed. Where, as here, such a motion is filed the judgment becomes final for purposes of appeal at the expiration of 90 days after its filing or "if such motion is passed on at an earlier date, then at the date of disposition of said motion." Notice of appeal must be filed within 10 days after the judgment becomes final for purposes of appeal. Rule 81.04(a). The trial court's order became final on January 30, 1981, and the notice of appeal was filed fourteen days later. As such it was untimely. *Perryman v. Perryman*, 507 S.W.2d 671 (Mo.App.1974) [1, 2]. *In re Marriage of Chilton*, 540 S.W.2d 237 (Mo.App.1976) [1, 2]; *Johnson v. Summers*, 596 S.W.2d 78 (Mo.App.1980) [1, 2].

Charter Bank advocates that Rule 81.-05(a) be interpreted so as to provide that the trial court judgment becomes final thirty days after its entry or upon disposition of the motion for new trial, whichever is later. In support of such position it points to the provisions of Rule 75.01 giving the trial court control over its judgment for thirty days after entry and to problems it envisages where more than one party is entitled to file a post-trial motion. We deal here only with finality for appeal purposes under Rule 81.05(a). We do not reach nor intimate any conclusion as to the extent of the trial court's authority under Rule 75.01 after disposition of post-trial motions prior to 30 days after entry of the judgment.[1] Nor do we need reach the effect of Rule 81.05(a) upon post-trial motions timely filed after disposition of an earlier filed post-trial motion by another party. Rule 81.05(a) is clear that in the situation before us the order of the trial court became final for appeal purposes when the post-trial motion was disposed of.

■ Charter Bank also has filed a motion for authority to file its appeal out of time pursuant to Rule 81.07(a). That motion was not filed until March 1982, well beyond the time mandated by the Rule. The six month time limit cannot be extended. Rule 44.01(b). That motion is denied.

Appeal dismissed.

SATZ and PUDLOWSKI, JJ., concur.

---

1. For the interested see: *State ex rel. Berbiglia v. Randall*, 423 S.W.2d 765 (Mo. banc 1968); *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692 (Mo. banc 1979) [3]; *Brock v. Steward*, 519 S.W.2d 365 (Mo.App.1975) [1]; *State v. Armstrong*, 605 S.W.2d 526 (Mo.App.1980) [1 4] which deal with the impact of an appeal upon the trial court's jurisdiction.