Alan L. SCOTT, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.

No. 54036.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 23, 1988.

Cynthia Beth Green, Jatha Bounous Sadowski, Government Counsel, Jefferson City, for respondent-appellant.

Timothy Francis Devereaux, Clayton, for petitioner-respondent.

CRANDALL, Judge.

The Director of Revenue (Director) appeals from the judgment of the trial court reinstating Alan Scott's driving privileges which had been suspended pursuant to Section 302.505, RSMo (1986).[1] We affirm.

A police officer responded to a call reporting an automobile accident. When the officer arrived at the scene of the accident he found an automobile in the front yard of a house. Scott and another person were attempting to remove the car from three large rocks by use of a jack. The officer testified that Scott admitted he was the driver of the car. The officer further testified that he noticed a very strong odor of intoxicants from Scott's breath. Scott later told the officer he was not the driver of the car. No field sobriety tests were given to Scott at the scene of the accident. A breathalyzer test showed Scott's blood alcohol content was .14.

Scott's driving privileges were suspended pursuant to Section 302.535, RSMo (1986). An administrative hearing was held and the suspension was upheld. At the trial de novo in the circuit court Scott's driving privileges were ordered reinstated.

The parties did not request, nor did the trial court make, findings on controverted fact issues. See Rule 73.01(a)(2). We therefore assume that all determinations of fact were made consistent with the judgment entered by the trial court. *City of Ladue v. Horn*, 720 S.W.2d 745, 748 (Mo.App.1986).

Here the only evidence that Scott drove the automobile was the officer's testimony that Scott made an admission. The officer also testified that Scott later said that he was not the driver of the automobile. From this contradictory evidence, it was clearly within the discretion of the trial court to determine that there was no probable cause to believe that Scott was driving a motor vehicle. We defer to that determination even if there was evidence which might support a different result. *MacCurrach v. Anderson*, 678 S.W.2d 459, 463 (Mo.App.1984). The Director's point is denied.

The judgment of the trial court is affirmed.

CRIST and REINHARD, JJ., concur.

---

1. Section 302.505, RSMo (1986) requires department suspension or revocation of the license of any person arrested upon probable cause to believe he was driving a motor vehicle while the person's blood alcohol concentration was greater than or equal to thirteen-hundredths of one-percent.