**Robert BAUMANN and Cheryl Baumann, Appellants,**

v.

**Timothy BRITTINGHAM and Virginia Brittingham, Respondents.**

No. 54223.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 1, 1988.

Briegel, Dempsey, Baylard & Patane, David L. Gaylard, P. Daniel Billington, Union, for appellants.

Steven P. Kuenzel, James W. McGettigan, Jr., Washington, for respondents.

KAROHL, Judge.

■ Vendors in a contract for sale of real estate attempt appeal from an order sustaining motion of defendants-purchasers to dismiss or in the alternative for judgment on the pleadings. The grounds of the motion to dismiss or for judgment were that the real estate sale contract provided defendants with a contingency for financing and the contingency failed rendering the contract null and void. The court entered an order to dismiss on November 27, 1987. Plaintiffs filed a motion for new trial on December 8, 1987. The trial court overruled the motion for new trial on December 15, 1987. The judgment became final on December 15, 1987. Rule 81.05(a). Notice of appeal filed on December 31, 1987 was filed more than ten days after the judgment became final. The notice of appeal is untimely and ineffective to vest jurisdiction in this court. Rule 81.-04(a). The last possible date for filing a timely notice of appeal was December 28, 1987, ten days after December 15 plus a holiday on December 25 and weekend days of December 26 and December 27. Accordingly, we find that we have no jurisdiction to decide the merits of plaintiffs' appeal. *State ex rel. Charter Bank of Jennings v. O'Toole*, 638 S.W.2d 321, 322 (Mo.App. 1982).

■ For the benefit of the parties we observe that if we had jurisdiction to reach the merits of the appeal we would affirm. The sale contract contained a contingency clause that defendants as purchasers obtained financing by a fixed date or "this contract shall be null and void." Although the defendants continued to pursue financing after the fixed date they were not obligated to do so. Such acts did not amount to an implied waiver of the contingency provision. *Errante v. Kadean Real Estate Service, Inc.*, 664 S.W.2d 27, 29 (Mo.App.1984). By the terms of the contract the failure of the financing contingency rendered the contract void. There is no dispute of fact that the contingency failed. Accordingly, as a matter of law, the trial court correctly found the contract as signed by the parties was void.

■ Plaintiffs-vendors also urged the court to find a "de facto waiver of the financing contingency." This contingency failed because the validity of the contract was contingent upon purchasers obtaining financing. A de facto waiver will not save a void contract. After the financing contingency failed, defendants as purchasers, could not have obtained relief in the form of specific performance against plaintiffs-vendors. It has been said specific performance for a vendor in a real estate contract

depends upon the theory of mutuality of remedies. *See, Rice v. Griffith,* 144 S.W. 2d 837, 842 (Mo.App.1940), *reversed, Rice v. Griffith,* 161 S.W.2d 220 (Mo.1942); *Eisenbeis et ux. v. Shillington,* 349 Mo. 108, 159 S.W.2d 641, 643 (1942).

■ Vendors also request relief in the form of leave to amend so as to permit an amended pleading alleging revival of the contract by conduct or estoppel. We find no error in refusing leave to amend. Because the contract ceased to exist after July 3, 1987, the date of contingency, only a new contract could obligate both parties. *Berger v. McBride & Son Builders, Inc.,* 447 S.W.2d 18, 21 (Mo.App.1969). Even if the court permitted a pleading of waiver the result would be unchanged. A so-called "waiver" would not revive the Sale Contract. In *Williston on Contracts,* Rev. Ed.Vol. Three, Section 667, p. 1917, Williston states:

> * * * Thus, where a clause in a contract is interpreted as making it void or automatically cancelled upon the happening of a certain contingency, an attempted waiver after the occurrence of the condition can be supported, if at all, only as the re-creation of a contract, for, the old contract having ceased to exist, only a new contract can reinstate the respective rights and duties. * * *

In the instant case, the evidence reflects no indication of offer, acceptance and consideration necessary to form a new contract.

The appeal is dismissed.

GRIMM, P.J., and PUDLOWSKI, C.J., concur.