**Abraham Lee KRAUSCH,**
**Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI, Respondent–Appellant.**

**No. 54724.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Cynthia Green & Jatha Bounous Sadowski, Government Counsel, Jefferson City, for respondent-appellant.

Eckelkamp, Eckelkamp, Wood & Kuenzel, Gael Davis & James McGettigan, Jr., Washington, for petitioner-respondent.

CRANDALL, Presiding Judge.

Director of Revenue (Director) appeals from the judgment of the trial court reinstating Abraham Lee Krausch's driving privileges which had been suspended pursuant to § 302.505, RSMo (1986). We remand with directions.

Krausch's driving privileges were suspended as a result of his arrest on June 27, 1987. The suspension was upheld following an administrative hearing. Krausch then requested and obtained a trial de novo in the circuit court. *See* § 302.535, RSMo (1986).

Officer Warner, the arresting officer, testified at the hearing that he stopped Krausch's car after he observed Krausch driving the car down a grassy hillside at a city park. He recalled that Krausch moved slowly and unsteadily when he got out of his car. Krausch smelled of alcohol, and his eyes were bloodshot. Warner testified that he arrested Krausch because of the physical indications of intoxication as well as Krausch's poor performance on field sobriety tests. A breath test indicated that Krausch had a blood alcohol content of .134 percent. Officer Contarini, who administered the breath test, testified that the BAC Verifier, which was used to measure Krausch's blood alcohol content, has a built-in variance of .005 percent. After hearing the evidence, the court entered judgment for Krausch and reinstated his driving privileges. Although the parties did not request specific findings pursuant to Rule 73.01(a)(2), the trial judge caused the following docket entry to be made: "3/12/88 Judgment for petitioner (Krausch) based on the Collins case removing only police reasonable grounds and substituting absolute .13%."

Director argues, in his sole point on appeal, that the trial court erred in reinstating Krausch's driving privileges. He asserts that Director met his burden by establishing that (1) there was probable cause to effect the initial arrest; and (2) that the chemical analysis revealed that Krausch's blood alcohol content was .13 percent or greater. Director claims that the trial court erroneously believed that Director had to prove by a preponderance of the evidence that the arresting officer, at the exact moment of the arrest, had probable cause to believe that Krausch was driving with a blood alcohol content of at least .13 percent.

Section 302.505.1 provides:

Determination by department to suspend or revoke license, when made, basis —final, when.—1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

 In *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985) the court held that an arresting officer is not required to believe that a suspect was driving a motor vehicle while his blood alcohol content was at least .13 percent in order for Director to meet the probable cause standard of the statute. Rather, probable cause exists if an officer observes a vehicle being driven erratically and, after stopping the car, the driver exhibits indicia of intoxication. *Thurman v. Director of Revenue*, 745 S.W.2d 260, 262 (Mo.App.1988). In this case the officer observed the vehicle coming down a grassy hillside in a city park and after stopping the car he noticed, *inter alia*, Krausch's unsteady movements, bloodshot eyes, and smell of liquor. Officer Warner's suspicion was confirmed by Krausch's poor performance on field sobriety tests. This evidence is sufficient to show probable cause for the arrest.

It is unclear from the trial court's judgment why the trial court reinstated Krausch's driving privileges. The trial court could have incorrectly believed that the arresting officer lacked probable cause as a matter of law. On the other hand, the trial court could have decided that the State failed to establish that Krausch's blood alcohol content was at least .13 percent. Officer Contarini testified that there was a .005 margin of error. The trial court may have determined that Krausch was not in violation of § 302.505 and his driving privileges should be reinstated because his blood alcohol content may have been as low as .129 percent.

■ If there are no findings of fact, we assume that all factual determinations were made consistent with the judgment. *Scott v. Director of Revenue*, 755 S.W.2d 751, 752 (Mo.App.1988). Generally, voluntary findings of fact or conclusions of law by the trial court do not present any question for review other than as a general finding. *See Wills v. Alcorn*, 636 S.W.2d 142, 144 (Mo.App.1982); M__ D__ v. C__ D__, 691 S.W.2d 406, 408 (Mo.App.1985). Here, however, the trial court incorporated a specific written basis for its decision in the entry of judgment. The basis given is ambiguous and therefore not amenable to appellate review.

We remand this case with direction that the trial court clarify its judgment.

REINHARD and CRIST, JJ., concur.