Robert O'BRIEN, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 57825.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 6, 1990.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Gerald Warren, Anderson & Preuss, Clayton, for respondent.

KAROHL, Judge.

Director of Revenue appeals from a circuit court order reversing Director's decision to suspend Robert O'Brien's driving privileges for driving while uninsured in

violation of § 303.025 RSMo 1986.[1] The court entered its order December 11, 1989, pursuant to Director's confession of judgment. Director elected to file a motion to withdraw confession and to set aside judgment. Rule 73.01(a)(3). The court denied the motion on December 29, 1989. On January 12, 1990, fourteen days later, Director filed his notice of appeal.

■ In an original opinion we dismissed the appeal in the belief the judgment was final when the motion for new trial was overruled, Rule 81.05, and the notice of appeal was not filed within ten days thereafter. Rule 81.04. However, this rule applies only where the motion for new trial is timely filed. The optional motion in this case was filed late on December 28, 1989. Accordingly, the appeal was timely because the judgment became final on January 10, 1990. Rule 75.01. These matters were not briefed in the parties jurisdictional statement. We have jurisdiction.

The court entered judgment in the present case on December 11, 1989. On that day the court received from counsel representing licensee O'Brien and Director the following:

COMES NOW Respondent, Missouri Department of Revenue/Director of Revenue, and appears by the undersigned Assistant Prosecuting Attorney.

Respondent hereby confesses the above-styled Petition for Review and directs that Petitioner's driving privileges be reinstated as Petitioner is otherwise qualified.

It is found that Petitioner had insurance before the date of the notice of suspension and request for administrative hearing.

The first two sentences were typed. The last sentence was handwritten. Attorneys for O'Brien and Director signed the memorandum which was adopted as the judgment.

Because there was no trial, we have no record of evidence. However, the unproven documents and pleadings in the legal file indicate the following. On December 22, 1988, O'Brien was involved in an automobile collision with Elizabeth Panke. O'Brien was driving a vehicle that he was in the process of purchasing. Panke filed an accident report claiming only property damages of more than $500. She sued O'Brien and obtained a judgment for $497 which was satisfied from money deposited by O'Brien with the court.

The dispute in this appeal involves only the mandatory insurance issues under § 303.025 and the agreement between O'Brien and the Director. The agreement resulted in a consent judgment which reversed the decision of the Director to suspend O'Brien's operator's license on the authority of § 303.041. On appeal Director, with the assistance of new counsel, claims the trial court misapplied the law because it relied on the provisions of § 303.026.4 to support the judgment. He contends the suspension was based on § 303.030, § 303.040 and § 303.041, and that §§ 303.030 and 303.040 operate independently of § 303.026. Hence, the Director argues the finding "Petitioner had insurance before the date of the notice of suspension and request for administrative hearing" does not support the judgment of reinstatement.

■ As a matter of law the Director is correct. Section 303.025.1 imposes a duty on all owners to maintain financial responsibility. It also prohibits operators from driving vehicles with knowledge the owner has failed to comply. Section 303.026 provides one of two means of enforcing the requirements of § 303.025.1. It requires an annual sampling of registrations and licenses. Section 303.026.3. When a licensee who fails to maintain financial responsibility becomes the subject of a sampling request, he may avoid suspension under § 303.041 if he establishes financial responsibility before he receives a notice to provide proof of financial responsibility. Section 303.026.4. The critical time for obtaining financial responsibility in order to avoid license suspension under § 303.026 is the date of notice.

1. All statutory references in this opinion are to Revised Statutes of Missouri 1986.

The second means of enforcing § 303.025.1 is found in § 303.040. To avoid suspension under this section an owner or operator must satisfy the requirement of financial responsibility on the date of the accident. Section 303.040. Thus, § 303.040 involves a different critical date than § 303.026 to obtain financial responsibility. Under § 303.040 suspension may follow a report of an accident involving bodily injury or property damage in excess of $500 providing no release, final adjudication of non-liability or a written installment payment agreement is filed with the Director within twenty days of receipt of the accident report. Section 303.030.1. A last resort to save a license is available by timely filing a security deposit in an amount determined by the Director. Section 303.030.2.

An owner, or an operator with knowledge the owner is in violation of the duty to maintain financial responsibility, may not avoid suspension after an accident by subsequently obtaining insurance to cover future accidents. Documents in the legal file suggest O'Brien received notice of suspension after the accident and accident reports were filed on authority of § 303.040. If so, the provisions of § 303.026.4 are not relevant, and the handwritten sentence offered to the court by the parties and found by the court with the judgment will not support the judgment. If this issue had been presented in an appeal by a licensee after reinstatement was denied, relief would be unavailable as a matter of law.

There was no trial. The judgment was based entirely on an agreement where Director "confesses the above-styled Petition for Review and directs that Petitioner's driving privileges be reinstated as Petitioner is otherwise qualified." Under § 303.025.1 or § 303.030 this result may be lawful, as a matter of fact, if O'Brien "qualified" because of the absence of knowledge of the owner's lack of insurance or because exemptions or exclusions apply. The burden of proof was on the state. Section 303.290.2. In a court-tried case, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(2); *Scott v. Director of Revenue*, 755 S.W.2d 751, 752 (Mo.App.1988). We cannot find the court erred because one expressed finding of fact is irrelevant, as a matter of law, where other factual issues before the court, upon which no specific findings were made, are deemed to have been found in accordance with the result reached and such "findings" support the judgment.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.