**In re ESTATE OF Luther S. MOORE,
Jr., Doris V. Spangler, et al.,
Plaintiffs/Appellants,**

v.

**John T. MURPHY, et al.,
Defendants/Respondents.**

**No. 60871.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 5, 1992.

John L. Sullivan, P.C., John L. Sullivan, Dianne S. Johnson, St. Louis, for plaintiffs-appellants.

George T. Mehan, St. Louis, for defendants-respondents.

ORDER

PER CURIAM.

Plaintiffs appeal from an order sustaining defendant Murphy's motion to dismiss plaintiffs' Petition to Contest Will for failure to timely serve all necessary parties pursuant to § 473.083(6) RSMo 1986. The court entered its order August 15, 1991. Plaintiffs elected to file a "Motion for Rehearing" on August 28, 1991, well within the fifteen day time limitation for after trial motions. Rule 73.01(a)(3). The court denied the motion on September 3, 1991. On September 23, 1991, twenty days later, plaintiffs filed their notice of appeal.

During oral argument, counsel for plaintiffs erroneously argued the after-trial motion was styled as a "Motion for Reconsideration." In any event, a motion for reconsideration is treated as a motion for new

trial in a court-tried case. *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.*, 754 S.W.2d 897, 899 (Mo.App.1988).

Notice of appeal must be filed within ten days after the order appealed from becomes final. Rule 81.04(a). The trial court's order becomes final thirty days after it is entered if no after-trial motion is filed. Rule 81.05(a). However, if a motion is filed "the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion." *Id.* Authorized after-trial motions shall be treated as motions for new trial for the purpose of ascertaining the time within which an appeal must be taken. *Id.* Therefore, the judgment became final for the purpose of measuring the time within which an appeal may be taken on September 3, 1991. The notice of appeal filed after September 13, 1991, was untimely. Rule 81.04(a). *See also O'Brien v. Director of Revenue*, 804 S.W.2d 787, 788 (Mo.App.1990); *State ex rel. Charter v. O'Toole*, 638 S.W.2d 321, 322 (Mo.App.1982). We do not have jurisdiction to consider this appeal. *Charter Bank*, 638 S.W.2d at 322.

Appeal dismissed.