In re ESTATE OF Luther S. MOORE, Jr.

Bettye J. MOORE, Appellant,

v.

John T. MURPHY, Jr., P.R., et al., Respondents.

No. 64696.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1994.

Application to Transfer Denied Jan. 24, 1995.

John L. Sullivan, Robert J. Brummond, Dianne S. Johnson, Sullivan & Brummond, P.C., St. Louis, for appellant.

George T. Mehan, Jr., St. Louis, for respondent John T. Murphy, Jr.

SMITH, Presiding Judge.

Plaintiff filed a petition to construe decedent's will. She sought a finding that Item 3 of the will is void for vagueness. The Probate Division of the Circuit Court found the clause valid and held that it was unnecessary to construe the meaning of the words in question. Plaintiff appeals the trial court's decision. We affirm.

Luther S. Moore, decedent, executed a handwritten will on September 2, 1982. Item 2 of the will put all of decedent's assets

in trust and named John T. Murphy (Trustee) as Trustee. Trustee was to distribute the income from the assets to relatives, including three aunts, an uncle, three sisters, two half siblings, and a business associate.

Item 3 of the will states:

After the death of my aunts and uncle all of my estate, except my Sparklet stock shall be divided equally among my relatives above named, then alive in shares as above indicated. My Sparklet stock shall be divided among long time Sparklet employees in amounts determined by my Trustee in his discretion.

Decedent died on April 25, 1989. Plaintiff, Bettye Moore, decedent's sister, obtained assignments of the interests of decedent's aunts and uncle. On April 25, 1989, the will was filed with Probate Division of the Circuit Court of St. Louis County. The Probate Division admitted the will to probate on May 17, 1989. Also in 1989, plaintiff filed an action to contest the will. The trial court dismissed said action and this court dismissed the appeal of the trial court's ruling as untimely in *In re Estate of Luther S. Moore, Jr.,* 828 S.W.2d 740, on May 26, 1992.

Plaintiff filed the present action to construe the will on July 29, 1992. She sought a finding that the phrase "long time Sparklet employees" in Item 3 of the will was "incapable of construction by virtue of vagueness" and, therefore, the gift of stock must fail. The trial court held that Item 3 gave Trustee the power to determine which Sparklet employees should receive shares. Therefore, the court did not have to construe the meaning of the phrase "long time Sparklet employees".

Plaintiff appeals to this court. She asserts that the trial court erred in declaring the gift to the Sparklet employees valid, and in failing to construe Item 3.

Plaintiff, in her "First Amended Petition to Construe Will", asserts that the gift of the Sparklet stock to "long time Sparklet employees" is incapable of construction by virtue of vagueness. Therefore, the gift of stock fails. This would cause the stock to pass through intestate succession. Trustee argues that the present case is an attempt to contest the will, not to construe it.

The Trustee's position is in accord with Missouri cases. In *In re Estate of Hutchins,* 875 S.W.2d 564 (Mo.App.1994), the Southern District of this court faced a similar problem. The plaintiffs in that case characterized their action as one for construction of a will. The court disagreed. It noted that the plaintiffs were neither heirs nor distributees under the challenged residuary clause. They sought to have the clause ruled void and, thereby, become heirs at law. The court held that the thing to be construed is the will which was probated. Because plaintiffs had no interest in the residuary clause, they did not seek construction but, rather, challenged the clause as void.

■ If an heir has been disinherited by the will, he cannot, under the guise of construing it, bring a suit to have part of it declared void. *Johnson v. Wheeler,* 360 Mo. 334, 228 S.W.2d 714 (1950) [1]. Similarly, in *Odom v. Langston,* 355 Mo. 109, 195 S.W.2d 463 (1946) [1, 2], the Missouri Supreme Court held:

The word "construe", as used with reference to wills, means to determine the intention of the testator as set forth in an ambiguous but lawful provision of the will. In this action plaintiffs seek no such construction. They challenge the residuary clause as void. If void, there is nothing to construe.

■ Plaintiff seeks to do the same thing in the present case. Decedent disinherited plaintiff, as far as the Sparklet stock is concerned. The only way she has any interest in the gift of stock in Item 3, is if the gift is declared void and she can take through intestacy. According to the aforementioned cases, an action to accomplish this is properly brought as a will contest, not a will construction.

■ Because plaintiff's action is actually a will contest, it is barred on two grounds. First, the Statute of Limitations has expired on her cause of action. Sec. 473.083.1 RSMo 1992 Supp.Second, the prior judgment is res judicata. Plaintiff has already brought a will contest in which the same Item 3 was chal-

lenged. That case was dismissed and the appeal of that ruling was dismissed as untimely filed. Res judicata precludes subsequent actions between the same parties for all matters which were or could have been litigated in the prior action. *Ackley v. Ackley,* 257 S.W.2d 404 (Mo.App.1953) [5]; *Poe v. John Deere Company,* 695 F.2d 1103 (8th Cir.1982) [2, 3].

Judgment affirmed.

PUDLOWSKI and WHITE, JJ., concur.