**Stephen Patrick KEARNEY,
Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 74969.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 24, 1999.

---

Jeremiah W. (Jay) Nixon, Atty. Gen. Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Timothy F. Devereux, Clayton, for Respondent.

PAUL J. SIMON, Presiding Judge.

Director of Revenue (Director), appeals from a final judgment of the Circuit Court of St. Louis County setting aside the suspension of the driving privilege of Stephen Patrick Kearney (Driver) after a trial *de novo* pursuant to section 302.535 RSMo (Cum.Supp.1997).

On appeal, Director contends that the trial court erred by: (1) setting aside the Director's action against Driver's driving privilege under section 302.505 RSMo 1994 (all further references will be to RSMo 1994 unless otherwise indicated) because the evidence showed that the arresting officer had probable cause to arrest Driver for driving while intoxicated and that his blood alcohol content (BAC) was at least .10 percent by weight; and (2) sustaining Driver's hearsay objection and striking the testimony of the arresting officer concerning eyewitness reports of Driver's erratic driving because this evidence was admissible to prove that the officer had probable cause to arrest Driver for driving while intoxicated in that (a) an arresting officer may rely on hearsay from eyewitnesses to establish probable cause for arrest, and (b) this evidence was not offered for the truth of the matter asserted but to explain the arresting officer's reasonable belief that probable cause existed to arrest Driver. We affirm.

In reviewing a court tried case, we affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.banc 1976).

The record on appeal shows that at approximately 11:50 p.m. on the evening of December 22, 1997, St. Louis County Police Officer Melissa Varga responded to the scene of an accident at the area of the intersection of Baumgartner and Lemay Ferry Road in St. Louis County. Upon arriving at the scene, Varga observed Mehlville fire protection district personnel extricating Driver from a blue vehicle that was lodged underneath the bed of a tractor-trailer. After being pulled from the wreckage, Driver was placed in an ambulance where Varga made contact with him. She observed that Driver sustained injuries to his forehead and facial area and was bleeding from the same. Varga testified that Driver admitted he had been driving the vehicle. Varga further testified that Driver's speech was slurred, his

eyes were watery, bloodshot, glassy and dilated, that his clothing was mussed and that she noticed a moderate odor of alcohol on his breath. Driver responded "No" when Varga asked him whether he had been drinking. No field sobriety tests were administered at the scene of the accident. Varga testified that it was at this time that she asked Driver "what had happened." She initially testified that Driver told her that he was making a right turn onto Lemay Ferry from Baumgartner, but the truck was in his lane, which caused the vehicles to collide. Later, upon being recalled by Driver, Varga voluntarily changed her testimony, stating that "Driver said he was making a left-hand turn... when he was actually making a right-hand turn." After her initial contact with Driver, Varga spoke to several eyewitnesses, including the driver of the other vehicle involved in the accident. All of these eyewitnesses stated that Driver left the roadway for an unexplainable reason, re-entered the roadway, changed lanes and struck the trailer.

Driver was transported to St. Anthony's Medical Center's emergency room where Varga placed him under arrest for driving while intoxicated, pursuant to St. Louis County Ordinance 1212.010, and advised him of his rights per Miranda. Varga then asked Driver to submit to a blood test, which he did after being advised of the Missouri Implied Consent law. Driver's blood was drawn immediately after he signed the consent form. Varga observed phlebotomist Sandy Nickels draw two tubes of Driver's blood. The testimony of Nickels and Varga is in dispute concerning from which arm the blood was taken. Before releasing Driver so he could be admitted to St. Anthony's for observation, Varga issued him a citation for violating St. Louis County Ordinance 1212.040 for failing to drive within a single lane and for violating St. Louis County Ordinance 1212.010a for driving while intoxicated. Victor Granat, lead chemist for the St. Louis County Police Department Crime Laboratory, testified that the blood alcohol analysis on the sample taken from Driver showed Driver's BAC was .33%.

Driver filed a timely petition for an administrative hearing under section 302.530. On May 12, 1998, the hearing officer sustained the revocation of Driver's driving privilege. Driver filed a timely application for trial *de novo* pursuant to section 302.535 RSMo (Cum.Supp.1997). At the trial *de novo* on July 28, 1998 the judgment of Judge Clifford of the Circuit Court adopted the findings and recommendations of Commissioner Greaves and reinstated Driver's driving privileges. The only reason for the reinstatement given by the commissioner, and subsequently ordered by the trial court, was that "The only evidence of probable cause to believe intoxicated, moderate odor, was not sufficient to establish prob. cause. The other observations noted could have also been the result of injuries from the auto accident."

In his first point on appeal, Director contends that the trial court erred in setting aside the Director's action against Driver's driving privilege under section 302.505 because the evidence showed that the arresting officer had probable cause to arrest Driver for driving while intoxicated and that his BAC was at least .10 percent by weight.

Director argues that the eyewitness reports of Driver's erratic driving, combined with Varga's detection: (1) of a moderate odor of alcohol on Driver's breath; (2) that Driver's speech was slurred; and (3) that Driver's eyes were watery, bloodshot, glassy and dilated, amount to evidence sufficient to establish probable cause to arrest. Director further argues that Driver's blood test showed that his BAC was over the legal limit and that Driver presented no evidence to dispute that result.

Driver argues in his brief that the trial court's judgment should be affirmed because it is reasonable to infer that a credibility determination was made at trial. Driver contends that Director failed to

show that the site from which Driver's blood was drawn was not otherwise contaminated by his blood. The testimony of Nickels is in dispute with that of Varga concerning which of Driver's arms was injured, and from which arm his blood was taken. Varga's testimony is consistent with the police report she prepared immediately after the incident. Varga used this report to refresh her recollection at trial. Nickels testified that drawing blood from a contaminated area could cause an inaccurate result. Driver cites *Diehl v. Director Revenue*, 836 S.W.2d 94 (Mo.App. E.D. 1992) for the proposition that we should review the evidence supporting the trial court's judgment, as well as all reasonable inferences drawn from such evidence, as true. Accordingly, he argues that the standard of review requires us to grant deference to the result reached by trial court.

Director contended at oral argument that the evidence is not in conflict because Driver did not put on any witnesses to challenge or contradict Director's evidence. Driver points out that the evidence presented by Director was both challenged and contradicted in Driver's direct examination of Varga and his cross and recross-examination of Nickels. Driver contends that reasonable inferences drawn from the conflicting and inconsistent testimony create a reasonable inference that the trial court reached its conclusion based on a determination of the credibility of the witnesses. Therefore, Driver argues that inference should be reviewed as true. Director argues in his brief that the issue here is not from which arm Driver's blood was drawn, but whether the blood was drawn from an uncontaminated area of skin. Director cites the testimony of Varga and Nickels, in which they both state that the arm from which the blood was taken was first swabbed.

The testimony of Varga contradicts Nickels's testimony concerning from which arm Driver's blood was drawn. When Driver questioned Nickels on cross-examination, she stated that she had an independent recollection of drawing Driver's blood from his left arm after swabbing the left arm, and not the right arm, with a non-alcoholic swab. She stated that Driver had blood on his clothes and there was blood on his arms. Nickels further stated that the right arm was too damaged for her to take the blood from there because taking blood from that arm might have caused a contamination of sorts, and could have caused an inaccurate result. Upon being recalled by Driver, Varga testified that the contents of her police report were true, correct and accurate in indicating that Driver's blood was drawn from his right arm not his left arm. Varga also testified that Nickels drew the blood from a spot she had swabbed but "didn't see anybody swab any left arm."

■ The revocation of driving privileges under section 302.505.1 requires a two-part showing that: (1) the driver was arrested upon probable cause that he was driving in violation of an alcohol-related offense; and (2) the driver had been driving at a time when his blood alcohol content was at least .10%. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 476–77 (Mo.App. E.D.1997). Director has the burden of proving his case. Section 302.535.1. All fact issues upon which the trial court makes no specific findings shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(3). There is no indication by the trial court here that it reinstated Driver's driving privilege by weighing the credibility of any of the witnesses. Further, the trial court made no ruling on whether Driver's BAC was at least .10 percent. In any event, we must review the evidence and reasonable inferences drawn from the evidence in a light most favorable to the trial court's verdict. *Scott v. Director of Revenue*, 755 S.W.2d 751, 752 (Mo.App. E.D.1988).

■ Because Director's evidence was challenged and contradicted, it was clearly within the discretion of the trial court to determine that there was no probable cause to arrest Driver or that Driver's BAC was not at least .10 percent. *Id.* The

**314**

conflict between Varga's and Nickels's testimony concerning which of Driver's arms was swabbed and from which arm Driver's blood was taken is most pertinent in considering what reasonable inferences could be made from the evidence contained in the record. In light of Nickels's testimony that drawing blood from a contaminated site could cause an inaccurate result, the fact that Nickels and Varga can not agree on which arm was bloody, which arm was swabbed and from which arm the blood was taken, creates a reasonable inference that the trial court made a determination of credibility. Further, this evidence leads to a reasonable inference sufficient to support the judgment. The Director's contention that Varga and Nickels agreed that Nickels swabbed the area from which the blood was taken is not meritorious in light of Varga's further testimony that she did not see anyone swab the left arm. Driver's left arm was the arm from which Nickels independently recalls drawing blood. The conflicting testimony clearly indicates a credibility dilemma.

Since there was no finding of fact concerning the credibility of the witnesses, the conflicting testimony is in accordance with the result reached. *See Scott* 755 S.W.2d at 752; Rule 73.01(a)(3).

The Findings and Recommendations of Commissioner and Judgment of the Court indicates that the court found insufficient evidence to establish probable cause, citing that the officer's observations could have been attributable to injuries incurred by Driver in the accident. Because the reasonable inference that the trial court made a credibility determination is sufficient to support the judgment, we find it unnecessary to address the issue as to probable cause to arrest and Driver's second point.

Judgment affirmed.

KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.