**Amber E. PHELPS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. ED 78134.

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 2001.

Jeremian W. (Jay) Nixon, Atty. Gen., Jefferson City, Deborah A. Ledgerwood, Asst. Atty. Gen., Cape Girardeau, MO, for appellant.

Timothy F. Devereux, Clayton, MO, for respondents.

MARY RHODES RUSSELL, Judge.

The Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Amber E. Phelps ("Driver"). Director asserts that the trial court erred because, under section 302.505 RSMo 2000,[1] she presented uncontroverted evidence establishing a *prima facie* case for revocation of Driver's driving privileges. We agree and reverse and remand.

On July 23, 1999, at approximately 1:55 a.m., a Maryland Heights police officer ("Officer") pulled over a silver Mitsubishi Eclipse after he observed the car weave within its own lane, follow another car at close proximity, and fail to signal as it moved into a left turn lane and proceeded to turn left.

As Officer approached Driver, he noticed a strong odor of intoxicants on her breath, her eyes were watery and bloodshot, and her speech was mumbled and scratchy. Based upon his observations, Officer asked Driver to perform various field sobriety tests and she consented. Officer administered six tests and Driver failed four of them. In addition, Driver admitted that she had begun drinking around midnight and stopped drinking about twenty minutes before being pulled over. After Driver refused to submit to a personal breath test, and based upon the totality of his observations and the tests previously performed, Officer arrested her for driving while intoxicated.

At the police station, Driver agreed to take a breath test. Officer observed Driver for the requisite fifteen minutes and then administered the test using the Data-Master machine. The test indicated that Driver had a .104 percent blood alcohol content ("BAC"). Director revoked Driver's driving privileges pursuant to section 302.505.[2] Thereafter, Driver filed a petition for trial *de novo* in St. Louis County Circuit Court.

At trial, Director called one witness. Officer testified about the events leading up to Driver's arrest as well as his administration of the breath test. Driver called no witnesses at trial.

---

1. All future statutory references are to RSMo 2000 unless otherwise indicated.

2. Driver possessed an Illinois driver's license.

The traffic commissioner ruled that Director failed to present credible evidence that Driver had a BAC of .10 percent or more while operating a motor vehicle. Upon Director's motion for rehearing, the circuit court adopted and confirmed the commissioner's findings. This appeal follows.

On appeal, Director alleges the trial court erred in setting aside revocation of Driver's driving privileges in that Director demonstrated that there was probable cause for arresting Driver, that she had a BAC of .10 percent or more by weight, and that Driver failed to rebut Director's evidence.

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Anderson v. Director of Revenue*, 969 S.W.2d 899, 901 (Mo.App.1998). We defer to the trial court's determinations regarding credibility. *Prozorowski v. Director of Revenue*, 12 S.W.3d 405, 408 (Mo.App. 2000).

■ Initially, Driver argues that while we must give deference to the trial court's determinations regarding the credibility of witnesses, we must assume that the trial court found that Officer was not credible. "[W]hen the evidence supporting revocation is uncontroverted and the trial court has not specifically found the director's witness incredible, appellate courts will not presume that the trial judge found a lack of credibility and will not affirm on that basis." *Mathews v. Director of Revenue*, 8 S.W.3d 237, 238 (Mo.App.1999).

■ The trial court, in setting aside the revocation of Driver's driving privileges, stated that there was no credible evidence

that Driver had a BAC of .10 percent or more while operating a motor vehicle. The trial court, however, did not specifically find Officer to be incredible. Moreover, the evidence supporting revocation was uncontroverted as Driver did not present any evidence rebutting Director's *prima facie* case. We, therefore, cannot presume a finding of lack of credibility.

Section 302.505 authorizes the suspension or revocation of a driver's license by Director for driving while intoxicated and provides, in pertinent part, as follows:

1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight....

■ Under this statute, Director has the burden of establishing a *prima facie* case for revocation of a driver's license by presenting evidence that at the time of the arrest: (1) there was probable cause for arresting Driver for driving under the influence, and (2) that the alcohol concentration in Driver's blood was .10 percent or more. *Anderson*, 969 S.W.2d at 901–02. Once Director has established a *prima facie* case, the burden shifts to Driver. This burden is a heavy one and requires that Driver present evidence to rebut the *prima facie* case by a preponderance of the evidence. *Id.* at 902.

■ As to the first element of Director's *prima facie* case, the uncontroverted evidence established that Officer had probable cause to believe Driver had been driving while intoxicated. Officer observed Driver's car weave within its own lane, follow another car at close proximity, and

fail to signal as it moved into a left turn lane and as it proceeded to turn left. As he approached Driver, Officer noticed a strong odor of intoxicants on her breath, her eyes were watery and bloodshot, and her speech was mumbled and scratchy. Moreover, Driver performed six field sobriety tests and, in Officer's opinion, she failed four of them. Finally, Driver admitted that she had consumed alcohol that evening. We find this evidence is sufficient to support a finding that Officer had probable cause to arrest Driver.

■ We now turn to the second element of Director's *prima facie* case, whether the alcohol concentration in Driver's blood was .10 percent or more. Director sought to prove that Driver's BAC was over .10 percent by introducing a copy of the report produced by the DataMaster machine, showing a reading of .104 percent BAC. The breath report was admitted into evidence without objection from Driver. We find this report was sufficient to prove that Driver's BAC was .10 percent or greater, and Director, therefore, established a *prima facie* case for revocation.

■ The burden then shifted to Driver, who was required to present evidence to rebut Director's *prima facie* case. Driver must rebut with proof or evidence and not merely point out inconsistencies. *Hurley v. Director of Revenue*, 982 S.W.2d 694, 697 (Mo.App.1998). To rebut Director's *prima facie* case, Driver did not present any witnesses, but instead relied solely on her cross-examination of Officer.

Driver offers numerous facts to support her claim that she rebutted Director's *prima facie* case. First, she alleges that her statements to Officer regarding whether she was intoxicated were inconsistent with his belief that she was intoxicated. Reviewing the record, in which Driver admitted to having drank a margarita and a beer, we find that her statement, "I don't think I am [intoxicated]," was insufficient to rebut Director's *prima facie* case.

Next, Driver points out that there was no finding that her speech was slurred, which is a common indicator of intoxication. While Officer testified that, when considered alone, unslurred speech might indicate that a person is sober, it is only one factor to be considered. There were numerous other factors that supported a finding that Driver was intoxicated.

Driver cross-examined Officer regarding her performance on the field sobriety tests as an indicator of intoxication. Driver attempted to show that her success at performing isolated aspects of certain tests, Officer's inability to explain the nexus between failing a test and a certain level of intoxication, and his testimony regarding her overall performance leads to a conclusion that she was not intoxicated. We disagree.

Officer testified regarding her performance on each of the tests, including her omission of one letter when requested to recite the alphabet, her inability to keep her eyes closed and head tilted back for thirty seconds without moving, her inability to smoothly follow a point of light with her eyes, and her incorrect performance of the divided attention/walk and turn test. It was his opinion that she failed four of the six tests.

■ Moreover, field sobriety tests are not the sole indicator of intoxication, but are used in conjunction with an officer's other observations in order to determine whether there is probable cause to arrest. *Chancellor v. Lohman*, 984 S.W.2d 857, 858 (Mo.App.1998). Officer's physical observations regarding Driver, as well as her performance on the field sobriety tests, and her admission that she had consumed a margarita and a beer in the hour and a half before she was pulled over, supports a

finding that she was intoxicated. Driver has failed to present any *evidence* that her performance on the field sobriety tests indicates she was not intoxicated.

Additionally, Driver claims that the techniques and methods used in the administration of the breath test were improper and, thus, caused an inaccurate and unreliable result. In summary, Driver contends that Officer's testimony was unclear, uncertain, and conflicted in various areas. First, Driver alleges that Officer was unclear about components of the breath machine's monthly maintenance report and did not possess a rudimentary understanding of the process and reports generated by the monthly maintenance. Second, Driver argues that Officer's testimony concerning the temperature used in maintenance testing and individual breath testing was suspect.

■ When a breath test is the method used to prove BAC, the proponent of the test must usually meet all foundational prerequisites for its admission. The prerequisites required are: (1) that a maintenance check has been performed on the breath machine within the 35 days preceding the test; (2) that the test was performed by following Department of Health approved techniques and methods; (3) that the operator holds a valid permit; and (4) that the equipment and devices used were approved by the Department of Health. *Hurley,* 982 S.W.2d at 696.

■ Nevertheless, proof of compliance with the foundational prerequisites is unnecessary if no proper objection to admission of the blood alcohol analysis is made. *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995); *Krieger v. Director of Revenue,* 14 S.W.3d 697, 701 (Mo.App.2000). Absent a proper objection, "any alleged deficiency in Director's compliance with the foundational require-

ments does not destroy the sufficiency of his case." *Krieger,* 14 S.W.3d at 702.

■ Driver made no objection to admission of the breath test results. Although Driver now alleges deficiencies in the maintenance and operation of the breath machine, these deficiencies should have been raised when the breath test results were offered into evidence. Because Driver failed to object at that time, she has waived any argument that the test was not performed according to Department of Health approved techniques and methods.

Moreover, Driver alleges that Officer was confused and uncertain regarding certain aspects of the breath test. We find, however, that Driver's cross-examination of Officer focused on non-essential aspects of the breath test, and she offered no evidence that the maintenance and operation of the breath machine rendered the blood alcohol analysis unreliable.

Although the court took judicial notice of the rules of the Missouri Department of Health, Driver failed to show how the procedures used did not comply with the Department regulations. For example, Driver alleges that the temperatures used by Officer in maintenance testing and individual breath testing were "suspect." Driver, however, did not put forth any evidence regarding what the proper temperature should be, nor did she explain why the methods and techniques used by Officer were incorrect.

■ Driver cites *Kearney v. Director of Revenue,* 999 S.W.2d 310 (Mo. App.1999), for the proposition that Director's *prima facie* case can be rebutted by challenged and conflicted evidence developed on cross-examination of Director's witnesses. *Id.* at 313. While we agree that a driver may rebut Director's *prima facie* case solely through cross-examina-

**402**

tion, it is insufficient to merely point out "inconsistencies" that do not effectively rebut a material element of Director's case. *Hurley,* 982 S.W.2d at 697. Here, as in *Hurley,* if Driver declines to introduce evidence, cross-examination must at a minimum create a legitimate credibility dilemma with respect to a material aspect of Director's case. In that instance, the trial court may properly decide to discredit Director's evidence and find in favor of Driver.

We find that Driver has failed to rebut Director's *prima facie* case by a preponderance of the evidence. Accordingly, we find the trial court's judgment was against the weight of the evidence. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., P.J., and RICHARD B. TEITELMAN, J., concur.